EDWARD F. MARLOW, administrator, *vs.* ARDIE C. DIKE.

Worcester.   September 24, 1929. — October 3, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Evidence,* Presumptions and burden of proof. *Proximate Cause. Negligence,* Causing death.

At the trial of an action of tort for causing the death of a boy between six and seven years of age, it appeared that he had been knocked down by an automobile of the defendant and taken to a hospital from which he was discharged nineteen days later; that five months after the accident he had convulsions directly after supper, became unconscious and died within a few hours; and that a physician who never before had seen him and did not know of the accident made a death certificate that he had died from poisoning from toxemia of the intestines. That physician testified at the trial that he did not think the cause of death was as set forth in his certificate and that, if he had known of the injury, he would not have assigned the reason for death there stated, that it might have come from the cause stated in the certificate or from the injury. The physician who attended the boy at the hospital at the time of his injury testified in answer to hypothetical questions that in his opinion "the probable cause" of

the death was that in the process of healing from the fracture and operation some clot "might have become organized causing an embolus or thrombus, and then got loose," thus causing death. *Held*, that

(1) A finding was warranted that there was a causal connection between the negligent act of the defendant and the death of the boy;

(2) The plaintiff was not required to prove the precise organic changes which took place.

TORT, with a second count in the declaration for causing conscious suffering and a first count for causing the death of Robert F. Marlow on Millbury Street in Worcester on October 5, 1926. Writ dated June 10, 1927.

In the Superior Court, the action was tried before *Brown*, J. Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor on the first count. The motion was denied. There were verdicts for the plaintiff on the first count in the sum of $2,751.65, and on the second count in the sum of $1,000. The defendant alleged exceptions.

The case was submitted on briefs.

*D. F. Gay*, for the defendant.

*H. W. Cowee & W. L. Macintosh*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for the conscious suffering and death of the plaintiff's intestate alleged to have resulted from the negligence of the defendant in operating an automobile on a public way. The only question presented is whether there was evidence sufficient to support a finding that the death of the plaintiff's intestate, a boy between six and seven years of age, was caused by the conduct of the defendant. It appeared that the boy was knocked down by the automobile of the defendant, thereby suffering a fracture of the nasal bone, accompanied by active hemorrhage and considerable shock. An operation was required. He was admitted to a hospital on the same day and discharged nineteen days later. About five months subsequent to these injuries, directly after supper, he became unconscious, had convulsions and died within a few hours. A doctor was called who had never seen the boy before and did not know of his previous injuries.

He thought the boy was suffering from poisoning from toxemia of the intestines, and made a death certificate to that effect. Called as a witness, he testified that, in view of the injuries sustained by the boy, he did not think the cause of death was as set forth in his certificate and that, if he had known of the injury, he would not have assigned the reasons for death there stated. He was unable to express an opinion as to the cause, or the more probable cause, of death; that it might have come from the cause stated in the certificate or from the injury. The doctor who attended the boy in the hospital at the time of the injury, having had stated to him in hypothetical questions a description of the condition of the boy during the last few hours of his life, testified that his explanation was that in the process of healing from the fracture and operation some clot "might have become organized causing an embolus or thrombus, and then got loose," thus causing death, and that this explanation in his opinion was "the probable cause" of death. This was positive testimony from one qualified to express an opinion. If the jury gave it credence, it was adequate to show that there was a causal connection between the negligent act of the defendant and the death of the boy. The plaintiff was not required to prove the precise organic changes which took place. *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138, 141. Although the evidence was slender, it cannot be pronounced insufficient. The case at bar thus is distinguishable from the numerous decisions illustrated by *Bigwood* v. *Boston & Northern Street Railway,* 209 Mass. 345, to the effect that there can be no recovery when the cause of death is left to surmise or conjecture.

*Exceptions overruled.*