THE E. B. HORN COMPANY *vs.* ASSESSORS OF BOSTON.

Suffolk.    January 7, 8, 1947. — July 24, 1947.

Present: LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Taxation,* Appellate Tax Board: appeal to board; Real estate tax: abatement. *Statute,* Retroactive statute.

The time for filing an appeal to the Appellate Tax Board from a denial by assessors of an application, filed with them on September 25, 1945, and not acted upon by them, for abatement of a tax on real estate, was governed by the amending provisions of St. 1945, c. 621, §§ 1, 5, 6, effective on October 15, 1945, and not by the statutory provisions in effect on the date of the filing of the application; and therefore an appeal filed on April 3, 1946, properly was dismissed by the board as not seasonably filed.

APPEAL from a decision by the Appellate Tax Board.

*E. H. Hewitt,* for the taxpayer.

*O. F. Brock*, Assistant Corporation Counsel, for the assessors.

WILKINS, J. This is an appeal by the taxpayer from a decision of the Appellate Tax Board dismissing, as not seasonably filed, an appeal from the refusal of the board of assessors of the city of Boston to abate a real estate tax for the year 1945. On January 1, 1945, the taxpayer, a lessee, was obligated under the lease to pay the tax assessed as of that date. On September 25, 1945, the taxpayer duly applied for an abatement to the assessors. G. L. (Ter. Ed.) c. 59, § 59, as appearing in St. 1939, c. 250, § 1, and as amended by St. 1945, c. 621, § 4. The assessors failed to act upon the application. The tax was paid on December 19, 1945. The foregoing facts appear from the appeal filed with the Appellate Tax Board on April 3, 1946.

The question for determination is whether St. 1945, c. 621, effective October 15, 1945,[1] amending various sections of G. L. c. 58A and c. 59, as previously amended, fixed the time for the taxpayer's appeal from the denial of its application for abatement, the application having been filed with the assessors prior to that date. The taxpayer contends that that statute did not control, and that the governing statutes were those in effect on the filing of its application. General Laws (Ter. Ed.) c. 58A, § 6, as appearing in St. 1938, c. 478, § 4, read in part: "The [Appellate Tax] board shall have jurisdiction to decide appeals under the provisions of . . . sections . . . sixty-four, sixty-five . . . of said chapter fifty-nine . . . . Whenever . . . a board or assessors, before . . . which an application in writing for the abatement of a tax is or shall be pending, fails to act upon said application, except with the written consent of the applicant, prior to the expiration of *four* months from the date of filing of such application, it shall then be deemed to be denied and the taxpayer shall have the right, at any time within *ninety days after the expiration of said four months*, to take any appeal from such denial to which he may be en-

---

[1] The statute was approved July 17, 1945. See art. 48 of the Amendments to the Constitution of the Commonwealth, The Referendum, I; G. L. (Ter. Ed.) c. 4, § 1.

titled by law, in the same manner as though the . . . board of assessors had in fact refused to grant the abatement applied for. After the expiration of said *four* months . . . the board of assessors shall have no further authority to act upon said application . . . ." By St. 1945, c. 621, § 1, the italicized words were omitted, and others substituted which (1) reduced from four to three months the period for which inaction by the assessors became the equivalent of formal denial and after which they had no further authority to act upon the application, and (2) changed the appeal period from "ninety days after the expiration of said four months" to "three months thereafter." [1]

On the date of filing the application, G. L. (Ter. Ed.) c. 59, § 65, as appearing in St. 1939, c. 31, § 7, which, as well as G. L. (Ter. Ed.) c. 58A, § 6, related to an appeal to the Appellate Tax Board, so far as material, read: "A person aggrieved as aforesaid with respect to a tax on property in any municipality may, subject to the same conditions provided for an appeal under section sixty-four, appeal to the appellate tax board by filing a petition with such board . . . within *ninety days* [italics supplied] after the time when the application for abatement is deemed to be refused as provided in section sixty-four." By St. 1945, c. 621, § 6, "ninety days" was changed to "three months." [2]

If the taxpayer's contention is correct, the time for appeal to the Appellate Tax Board expired April 25, 1946, ninety

---

[1] This part of G. L. (Ter. Ed.) c. 58A, § 6, as appearing in St. 1945, c. 621, § 1, reads: "The [Appellate Tax] board shall have jurisdiction to decide appeals under the provisions of . . . sections . . . sixty-four, sixty-five . . . of said chapter fifty-nine . . . . Whenever . . . a board of assessors, before . . . which an application in writing for the abatement of a tax is or shall be pending, fails to act upon said application, except with the written consent of the applicant, prior to the expiration of *three* months from the date of filing of such application, it shall then be deemed to be denied and the taxpayer shall have the right, at any time within *three months thereafter*, to take any appeal from such denial to which he may be entitled by law, in the same manner as though the . . . board of assessors had in fact refused to grant the abatement applied for. After the expiration of said *first mentioned three* months . . . the board of assessors shall have no further authority to act upon said application . . . ." Words substituted by the amendment are in italics.

[2] From a denial of an application for abatement a taxpayer could, in the alternative, appeal to the county commissioners. See, as of the date of the filing of the application, G. L. (Ter. Ed.) c. 59, § 64, as amended by St. 1939, c. 31, § 6. This was similarly amended by St. 1945, c. 621, § 5.

days following four months from September 25, 1945, the date of filing the application for abatement. If the assessors' contention in support of the action of the Appellate Tax Board dismissing the appeal is correct, the time expired March 25, 1946, three months following three months from September 25, 1945. As previously noted, the appeal was filed April 3, 1946.

Sections 64 and 65 of G. L. (Ter. Ed.) c. 59 are in form procedural, do not affect the substantive right of the taxpayer to be assessed upon "a fair cash valuation" of his taxable real and personal estate under c. 59, § 38, and "purport merely to prescribe the conditions under which an abatement may be granted if he is found to be 'taxed at more than his just proportion, or upon an assessment of any of his property in excess of its fair cash value.' G. L. (Ter. Ed.) c. 59, § 59." *Wynn* v. *Assessors of Boston*, 281 Mass. 245, 247–248. The statutory proceedings for abatement are the exclusive remedy for overassessment of real or personal property. *Codman* v. *Assessors of Westwood*, 309 Mass. 433, 435, and cases cited. *Old Colony Railroad* v. *Assessors of Boston*, 309 Mass. 439, 442. Commencement of such proceedings by an application in conformity with the statute is a prerequisite to jurisdiction in the Appellate Tax Board. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 492. *Old Colony Railroad* v. *Assessors of Quincy*, 305 Mass. 509, 511–512. *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 311 Mass. 415, 416.

The principal effects of St. 1945, c. 621, §§ 1, 5, and 6 were twofold. The first was to limit the jurisdiction of the assessors so as to allow them but three months, instead of four, to act upon any application for abatement before losing "authority to act." The second was to increase from ninety days to three months the time for the taxpayer to appeal to the Appellate Tax Board. See *McRae* v. *New York, New Haven & Hartford Railroad*, 199 Mass. 418, 419–420.

The taxpayer urges that as a matter of interpretation the new statute should apply only to applications filed after its effective date. The statute, however, is couched in gen-

eral terms, and contains no exceptions. See *New England Trust Co.* v. *Assessors of Boston*, 308 Mass. 543, 544. It is not ambiguous or doubtful. See *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 317 Mass. 694, 702–703. We find in it no language permitting the introduction of such an exception. Had the Legislature so intended, a distinction would have been easy to express. See, for example, G. L. (Ter. Ed.) c. 59, § 59, as previously amended, and as amended by St. 1946, c. 199, § 1; St. 1946, c. 199, § 2.

The Legislature in failing to exclude from the operation of St. 1945, c. 621, a case like the present, was not seeking to place an undue burden upon the taxpayer, but on the contrary was aiming to benefit him by shortening the period of delay due to inaction of assessors. "It was the intention of the Legislature by these provisions, not to excuse the . . . boards of assessors from the performance of duties, but rather to provide an adequate remedy at law in the event that . . . [they] did fail to perform them within a fixed time." *Eastern Racing Association, Inc.* v. *Assessors of Revere*, 300 Mass. 578, 582. *Assessors of Brookline* v. *Prudential Ins. Co.* 310 Mass. 300, 309. The resulting situation upon filing the application for abatement on September 25, 1945, was that should the act not be rendered inoperative by referendum proceedings before the effective date of October 15, 1945, the assessors after December 25, 1945, would lose authority to act, and there would be a slightly lengthened appeal period after an application was deemed to be refused. It cannot well be contended that this left insufficient time either for the assessors to consider the application or for the taxpayer to appeal. No case conceivably arising under the statute has been brought to our attention, and none occurs to us, where time insufficient for either purpose would have been afforded. As a reason why the Legislature could not have intended the act to apply to pending applications, the taxpayer suggests that had an application been filed on June 15, 1945, the four months' period under the old statute would have expired on the effective date of the act; that an appeal before that date would have been premature; but yet that on that date one

of the three months for appeal under the new statute would already have expired. We see no serious difficulty in the supposed case. The assessors could have acted before October 15, but if not, there would have been ample time remaining to appeal. There could be no element of surprise as to a statute approved on July 17.

There is no statutory guaranty that, once an application for abatement is filed, the procedure respecting it shall remain unchanged. Commonly, statutes relating merely to the remedy or procedure and not affecting substantive rights have been said to operate retroactively. *Greenaway's Case*, 319 Mass. 121, 123, and cases cited. It is usual for such a statute to be applied to existing causes of action and even to pending cases. See *Mulvey* v. *Boston*, 197 Mass. 178; *Nelson* v. *Blinn*, 197 Mass. 279; *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 112. But strictly speaking, a statute dealing with a remedy is prospective when applied to causes of action existing or actions pending at the time it took effect, if the time for its application had not then expired, unless such application, though in form affecting the remedy only, in reality materially affects substantive rights previously acquired. *Wynn* v. *Assessors of Boston*, 281 Mass. 245, 249. In the case at bar no vested rights are affected. We are not dealing with a vested property right in the taxpayer. Hence such cases as *Solis* v. *Williams*, 205 Mass. 350, *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, and *Manchester* v. *Popkin*, 237 Mass. 434, are distinguishable. Here is no invalidation of a step in procedure lawful when taken. See *Dondis* v. *Lash*, 277 Mass. 477, 480–481.

No constitutional question is involved. No contract has been annulled. Compare *Woods* v. *Woburn*, 220 Mass. 416, 421. No decision of the assessors has been sought to be taken away. Compare *Casieri's Case*, 286 Mass. 50, 55–56.

*Appeal from refusal of assessors*
*to abate dismissed.*