## WILLIAM T. KERR *vs.* NICHOLAS A. PALMIERI.

Middlesex.    March 8, 1950. — March 31, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Negligence*, Motor vehicle.    *Practice, Civil*, Reopening of hearing, Time of decision, Judicial discretion.    *Statute*, Retroactive statute.    *Evidence*, Departmental record; Opinion: expert.    *Proximate Cause.*

A finding of negligence of the defendant in an action by the owner of an automobile parked at a curb was warranted by evidence that, as the plaintiff opened his left front door a few inches, his left rear mudguard and the partly opened door were struck by the right rear fender of an automobile operated by the defendant which had approached from the rear, and substantial personal injuries to the plaintiff and damage to his automobile ensued.

Statute 1948, c. 74, amending G. L. (Ter. Ed.) c. 233, § 79, respecting the admissibility in evidence of records kept by the laws and regulations of the United States pertaining to the department of national defence and the veterans' administration is procedural and operates in cases pending at the time of its enactment.

Section 14A, inserted by St. 1936, c. 206, § 1, in G. L. (Ter. Ed.) c. 220, providing that a judge of a District Court "who has reserved his decision in a case heard by him, shall render his decision" within four months from the date when the hearing was closed unless such time be extended as therein provided, is but a regulation for the orderly and convenient conduct of public business and did not operate to invalidate as a matter of law an exercise of discretion by a judge in reopening a case for further evidence.

No error appeared in the exercise of discretion by a judge of a District Court in reopening the hearing of an action to receive evidence respecting damages made admissible by a statute which became effective after the original hearing.

In an action for injuries to the plaintiff's teeth alleged to have been sustained by a blow suffered in a collision of automobiles, testimony of the chief of dental surgery at a veterans hospital as to treatment of the plaintiff's teeth showed sufficient basis for him to express an expert opinion as to what relation there was between the blow and a certain later condition of the teeth; and, properly interpreted, his opinion, "Entirely possible it could have been followed by this condition.  The blow must have been well distributed.  Tooth does not die immediately — may regain, etc. — possible — thinks probable sequence — thinks one chain of events," was evidence sufficient to support a finding of a causal connection.

TORT.  Writ in the First District Court of Southern Middlesex dated September 23, 1947.

The action was heard by *Temple*, J.

*T. H. Donohue*, for the defendant.

*S. S. von Loesecke*, (*J. L. Shea* with him,) for the plaintiff.

WILKINS, J.  This is an action of tort to recover for personal injuries and property damage arising out of a collision between an automobile owned by the plaintiff and one owned and operated by the defendant.  The judge found for the plaintiff, the Appellate Division dismissed a report, and the defendant appealed.

The collision occurred on April 17, 1947, on Union Avenue, Framingham.  The plaintiff's evidence tended to show that his automobile was parked parallel with and close to the curb at the right; that he was sitting in the automobile in conversation with another man seated beside him; that his wife, who had been driving, was shopping and had taken the keys to the automobile; that he had started to get out, had opened the left front door five or six inches, and was so holding it when the defendant's automobile came along, "clipped" the plaintiff's left rear mudguard, struck the partly open door, pushed the plaintiff's automobile forward three feet, and pushed in the door frame, throwing the plaintiff forward, bending the steering wheel, and breaking off the guard which controlled the light indicating a left turn.  The side of the plaintiff's automobile was scraped, and the cowl jammed.  When the plaintiff was thrown forward, he received "an awful blow on the head," his knees hit the dashboard, seven upper front teeth were loosened, two broken off, and a lower tooth chipped.  Before the accident his teeth were in good condition.  The plaintiff's automobile was parked eight inches inside the outer white line of the parking space.  It had no running board, and the door, as the plaintiff held it, did not protrude beyond his rear fender.  After the accident, both automobiles were nearly side by side, part of the front end of the defendant's automobile being ahead of the plaintiff's and headed toward it.

The defendant now contends that, as he was passing, the plaintiff suddenly opened the door, causing it to strike the defendant's right rear fender. Following the collision, according to the plaintiff's testimony, the defendant took the position that the plaintiff was pulling out of the parking space, and, according to the testimony of a police officer, the defendant said, "I didn't run into him. He ran into me." The police officer testified that the only damage to the defendant's automobile was the front part of the right rear fender. The defendant testified that there were two lines of automobiles moving along Union Avenue in the direction in which he was proceeding; that he was in the right lane ten to fifteen feet behind another automobile; that he saw the parked automobile of the plaintiff, but did not see the door "opened"; and that other automobiles were parked in the rear of it.

1. The defendant requested the ruling: "3. Upon all the evidence and the law, the court would not be warranted in finding that the defendant was negligent." The judge made the following disposition: "Upon all the evidence I find that the plaintiff sustained the damage to his automobile and his personal injuries through the negligent operation by the defendant of his car and that the plaintiff was in the exercise of due care. As I found the defendant negligent as a matter of fact and the plaintiff free from negligence as a matter of fact, I deny the defendant's three requests for rulings of law and treat them as immaterial because of my finding in favor of the plaintiff on the facts." There was no error in this respect. *Horton* v. *Tilton, ante,* 79.

Although there was not much direct evidence as to the conduct of the defendant in driving his automobile, the judge could find that he drove too near to the plaintiff's stationary automobile, which he saw, and struck the plaintiff's automobile. This being done with the force indicated by the plaintiff's injuries and damage to his automobile was enough to permit a finding of negligence. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54. *Bryne* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 130, 131. *Hendler* v. *Coffey,*

278 Mass. 339, 340–341. *Jennings* v. *Bragdon*, 289 Mass. 595, 597–598. *Lech* v. *Escobar*, 318 Mass. 711. See *Gangi* v. *Adley Express Co. Inc.* 318 Mass. 762, 764.

2. The evidence, except for photographs of the automobiles, was closed and the case submitted without argument on January 26, 1948. It was arranged that the defendant's counsel would send the photographs first to the plaintiff's counsel, and this was done on January 28, 1948. On February 3, 1948, the plaintiff's counsel sent the photographs to the judge and asked that a view be taken of the plaintiff's automobile. On May 1, 1948, the judge took a view, and the photographs were marked as exhibits. The judge then made the following notation: "Case closed as far as evidence."

On July 17, 1948, after hearing, the judge allowed the plaintiff's motion to reopen the case. The reason stated in the motion was that, at the time of the trial, records of hospitals of the veterans administration were not admissible, but subsequently had become so. St. 1948, c. 74. The motion asked that the "case be reopened and such evidence and any other matters pertaining to personal injuries of the plaintiff be heard."

As a general proposition, the granting of a motion to permit additional evidence to be introduced after the trial has been closed rests in the discretion of the trial judge. *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 379, 387. *Short* v. *Farmer*, 260 Mass. 102, 104. *Finnegan* v. *Checker Taxi Co.* 300 Mass. 62, 69. See *DiAngelo* v. *United Markets Inc.* 319 Mass. 143, 146. The defendant does not question this, but urges that the allowance of this particular motion was erroneous as matter of law. His first objection, that the statute concerning the records of a hospital of the veterans administration could not be given what he describes as retroactive effect, is untenable. The statute relates to the admissibility of evidence, is, therefore, procedural, and operates to affect pending cases. *E. B. Horn Co.* v. *Assessors of Boston*, 321 Mass. 579, 584, and cases cited. There is nothing in the argument that

the grounds stated in the motion are insufficient. The motion did not need to specify any ground. Finally, it is urged that the judge was without power to allow the motion by reason of G. L. (Ter. Ed.) c. 220, § 14A, inserted by St. 1936, c. 206, § 1, entitled "An Act to discourage belated decisions by justices of the superior court and of district courts." This statute provides that a justice of a District Court, "who has reserved his decision in a case heard by him, shall render his decision" within four months from the date when the hearing was closed unless this time be extended as therein provided. Section 14A falls within *Cheney* v. *Coughlin*, 201 Mass. 204, 211, where it was said, "As to a statute imperative in phrase, it has often been held that where it relates only to the time of performance of a duty by a public officer and does not go to the essence of the thing to be done, it is only a regulation for the orderly and convenient conduct of public business and not a condition precedent to the validity of the act done." *Smith* v. *Director of Civil Service*, 324 Mass. 455, 458–459, and cases cited. Section 14A does not operate to impose a jurisdictional condition subsequent. There was no error in denying the defendant's motion to discharge the case from further consideration.[1]

3. On July 17, 1948, the trial judge also allowed the plaintiff's motion to increase the ad damnum from $2,000 to $5,000. On July 23, 1948, the defendant filed, and on October 4, 1948, the trial judge denied, motions to abate the plaintiff's writ as amended and for leave to remove the case late to the Superior Court. The ultimate finding was in the sum of $3,794. Action on all these motions rested in sound judicial discretion.

4. After the case was reopened, the plaintiff called as a witness Dr. McCloskey, chief of dental surgery at Cushing Veterans Hospital, who testified, subject to the defendant's claim of report, that he treated the plaintiff in April, 1947, and subsequently in that year; that when he examined the

_____

[1] This motion was filed on July 23, 1948, and was heard and denied with the other motions filed by the defendant on that day. — REPORTER.

plaintiff on April 21 several teeth were loose and two were
chipped; that on July 3 the plaintiff claimed difficulty in
chewing and two teeth were extracted; that on July 5 one
tooth was extracted, and on July 9 another; that in No-
vember the plaintiff suffered more pain in the upper in-
terior area; that there was a marked loss of bone in the
area of four teeth as shown by X-rays, and there were ab-
scesses around two of them; that on November 29 there
was extensive swelling on the palate in the area of one of
those two, and the upper lip was swollen and extended over
the paranasal area toward both eyes; that on December 1
the two teeth which had been abscessed were extracted;
that on December 3 three teeth were extracted, on Decem-
ber 5 seven teeth, and on December 9 two teeth; that on
December 11 the plaintiff was discharged; and that the
upper teeth being loosened in April, it appeared that there
was not enough circulation to feed the teeth. On direct
examination Dr. McCloskey was asked whether he had an
opinion as to what relation there was between the blow which
the plaintiff complained of on April 17, and the condition of
his teeth from April 21 to December 11. Subject to the de-
fendant's claim of report he answered, "Yes." He was then
asked to state that opinion. Subject to the defendant's
claim of report, he answered, "Entirely possible it could
have been followed by this condition. The blow must have
been well distributed. Tooth does not die immediately —
may regain, etc. — possible — thinks probable sequence —
thinks one chain of events."

The defendant argues that "it is obvious that Dr. McClos-
key had no personal observation of the plaintiff's teeth from
July 9, 1947, until sometime in November, 1947"; that he
was not asked to assume the truth of any facts concerning
the plaintiff's physical condition during the interval; that
the record does not show that he was personally acquainted
with the plaintiff's physical condition during that period;
and that he had no sufficient basis for expressing an expert
opinion. We think, however, that sufficient basis for his
opinion appeared.

It is also urged that the two questions and answers referred to on direct examination merely indicated a possibility and fell short of establishing causal relationship. See *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219, 223. We are of opinion that this is too narrow an interpretation. Part of the second answer was, "thinks probable sequence — thinks one chain of events." *Marlow* v. *Dike*, 269 Mass. 38. *DeFilippo's Case*, 284 Mass. 531, 534–535. *Duggan's Case*, 315 Mass. 355, 358–359. *Josi's Case*, 324 Mass. 415, 418–419.

*Order dismissing report affirmed.*