JAMES C. REID *vs.* HATHAWAY BAKERIES, INC.
(and a companion case[1]).

Middlesex.    October 6, 1955. — February 1, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Evidence,* Relevancy and materiality.  *Practice, Civil,* Exceptions: whether
error harmful, whether error shown; Mistrial.  *Error,* Whether error
harmful, Whether error shown.  *Witness,* Cross-examination.

Evidence of the dollar value of an automobile before a collision in which
it and a motor truck were involved was irrelevant on the question of
liability for the collision, and its admission when offered by the plaintiff
in an action by the owner and operator of the automobile against the
owner and the operator of the truck for personal injuries resulting from
the collision but not for damage to the automobile was error prejudicial
to the defendants.    [486]

Upon a record not including the charge to the jury, no error was shown in
the denial of a motion for a mistrial even though irrelevant, improper
and objectionable questions throughout the cross-examination of a
witness for the moving party showed a design to arouse prejudice in
the minds of the jurors against the witness and that party.    [487]

TWO ACTIONS OF TORT.  Writs in the Superior Court
dated February 9, 1953, and March 3, 1953.

The actions were tried together before *Good, J.*

In this court the cases were submitted on briefs.

*Charles S. Walkup, Jr.,* for the defendants.

*J. Newton Esdaile & John S. McKenney,* for the plaintiffs.

COUNIHAN, J.   These are two actions of tort brought by
the plaintiffs, one of whom, Somers, was the owner and oper-
ator of an automobile and the other, Reid, a passenger.
The plaintiff Somers seeks to recover damages for personal
injuries from the defendant Hathaway Bakeries, Inc., the
owner of a motor truck, and from Cicerano, its employee,
who was the operator of the truck.   The plaintiff Reid seeks

---

[1] The companion case is by Myles Somers against Vincent Cicerano and
the defendant in the first case.

to recover damages for personal injuries from Hathaway Bakeries, Inc., alone. The actions were tried together before a jury. The injuries were sustained in an accident in which the truck collided with the rear end of the automobile which was stopped at a traffic light on the Concord turnpike. Before the actions were submitted to the jury the defendants admitted liability. The jury returned verdicts for the plaintiffs. The actions come here upon exceptions of the defendants the nature of which will be hereinafter described. One of these exceptions, which related to the admission of testimony of an actuary, has been waived by the defendants since the arguments before us, so we do not consider it.

The defendants excepted to the admission of testimony of the plaintiff Somers as to the dollar value of his automobile before the collision. This testimony was received solely on the question of liability which had not then been admitted by the defendants. This was error. Testimony as to the value of the automobile was irrelevant on the question of liability. *Ruffin Coal & Transfer Co.* v. *Rich,* 214 Ala. 622, 626. Such testimony is to be distinguished from evidence of the physical condition of an automobile after an accident which may be admitted as tending to throw some light upon how the collision happened. *Curtin* v. *Benjamin,* 305 Mass. 489, 492. Moreover, in the cases at bar there was no claim for property damage so that the question and answer were prejudicial and may well have influenced the jury to include in their verdict for Somers damage to the automobile even though no claim for such damage was before them. The defendants' exceptions to the admission of this question and answer must be sustained.

The defendants excepted to the denial of their motion for a mistrial after counsel for the plaintiffs said in the presence of the jury, "May the record show that I do not care to dignify Dr. Adams by any cross-examination." Upon objection the judge then said, "Whatever has been said may go out." Because there must be a new trial ordinarily we would not discuss these exceptions. However, because of

the unusual nature of the cross-examination of Dr. Adams, we deem it appropriate to comment on the manner in which counsel conducted such cross-examination which culminated in the remarks objected to and which formed the basis for the motion for a mistrial.

There is no doubt that such remarks were highly improper. The record discloses that practically the entire cross-examination of Dr. Adams was directed to matters irrelevant to the plaintiffs' injuries about which the doctor had testified in direct examination. The record also disclosed that throughout this cross-examination counsel asked him many questions which were obviously improper and objectionable and calculated to arouse prejudice in the minds of the jurors. Some of these questions were withdrawn before the judge had an opportunity to pass upon their admissibility and others were excluded by the judge after objection. It is plain that counsel must have realized that many if not all of such questions were objectionable.

It is true that it has been held that the judge, in the exercise of sound judicial discretion, may declare a mistrial when it appears to him that the ends of justice are likely to be defeated if the case is allowed to proceed to verdict or he may decide that in his charge to the jury he could amply safeguard the rights of the parties. *Hess* v. *Boston Elevated Railway*, 304 Mass. 535, 541. *Shea* v. *D. & N. Motor Transportation Co.* 316 Mass. 553, 554–555. The charge here does not appear in the record so we must assume that in it the judge amply safeguarded the rights of the defendants. *Donnelly* v. *Larkin*, 327 Mass. 287, 289. We cannot therefore say that there was error in the denial of the motion for a mistrial.

In the cases at bar, however, the objectionable and improper questions in cross-examination show a consistent pattern apparently designed to prejudice the doctor and thereby the defendants in the minds of the jury. Such conduct might well have influenced the jury in arriving at their verdicts. In these circumstances we think that the judge might properly have interrupted the cross-examination and

declared a mistrial or at least have reproved counsel so that he would refrain from further cross-examination in such an improper and objectionable manner.

*Exceptions sustained.*