RICHARD R. MURRAY & another vs. RICHARD B. FOSTER
& another.

Essex.   December 4, 1961. — February 21, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& SPIEGEL, JJ.

*Negligence,* Motor vehicle. *Evidence,* Remoteness; Of pain; Opinion:
expert; Competency; Res inter alios. *Practice, Civil,* Exceptions:
whether error harmful. *Error,* Whether error harmful.

Evidence of the circumstances in which a tractor trailer operated at night
in a "very thick smog" ran into the rear of a vehicle proceeding slowly
ahead of it warranted a finding of negligence on the part of the opera-
tor of the tractor trailer.   [656–657]

At the trial of an action arising out of a motor vehicle accident, there was
no error in admitting testimony by a police officer as to weather condi-
tions at the scene of the accident when he arrived there after it occurred:
it was for the judge to determine whether or not such testimony was too
remote.   [657]

Even though certain testimony· as to what had been told to the witness
about the manner of occurrence of a motor vehicle accident was errone-
ously admitted at the trial of an action arising from the accident, no
prejudice from its admission was disclosed where the manner of occur-
rence thus related was substantially the same as that shown by other
evidence.   [658]

At the trial of an action for personal injuries arising from an accident,
there was no error in admitting testimony as to expressions of present
pain by the plaintiff at various times after the accident.   [658]

At the trial of an action for damage to a motor vehicle in a collision,
whether damage observed by a witness in an examination of the motor
vehicle "was consistent with . . . [its] having been involved in an acci-
dent" was a proper subject of expert testimony by him.   [658]

After a witness for the defendant, at the trial of an action for personal
injuries sustained by the operator of a tractor, and damage caused to
the tractor, when a trailer being hauled by the tractor was struck in the
rear by a vehicle of the defendant, had testified that the "cost of the
damage" to the trailer observed by him on examination thereof was only
a small amount and had testified on cross-examination that he did not
know what had been paid in behalf of the defendant to the owner of the
trailer, who was not a party to the action, it was improper for counsel
for the plaintiff to ask the witness further whether he had "ever hear[d]
. . . [a certain substantial sum] being paid to" the owner of the trailer.
[659–660]

In the circumstances, where the judge at the trial of an action allowed an
improper question to a witness over objection and exception and in
response to an oral motion for a mistrial then made said "Nothing

doing" and subsequently also denied a formal motion for a mistrial, and the action came before this court on a record not containing the charge, it was not to be assumed that the harm resulting from the improper question had been cured in the charge and the exception must be sustained.   [660]

TORT.  Writ in the Central District Court of Northern Essex dated January 11, 1958.

Upon removal to the Superior Court the action was tried before *Wisnioski, J.*

*Michael T. Prendergast,* for the defendants, submitted a brief.

*George Karelitz, (Benjamin J. Wheeler* with him,) for the plaintiffs.

SPIEGEL, J.  This is an action of tort for personal injuries sustained by the plaintiff Richard R. Murray and for property damage sustained by the plaintiff Elm Transportation Co., Inc. (hereinafter called Elm), as a result of a motor vehicle accident.  The accident involved a tractor owned by Elm, and operated by Murray, its employee, which was pulling a trailer owned by O. C. Badger Transportation Company (hereinafter called Badger), and a tractor trailer owned by the defendant Eastern Transportation Co. (hereinafter called Eastern) and operated by the defendant Richard B. Foster.[1]

The jury returned verdicts for the plaintiff Murray on counts 1 and 2 and for the plaintiff Elm on counts 3 and 4 and assessed damages on each count.  The jury also returned verdicts for the defendant Foster on counts 1 and 3 and for the defendant Eastern on counts 2 and 4.  The case is here on the defendants' exceptions to the recording of the verdicts in favor of the plaintiffs; to the admission of several items of evidence; and to the denial of the defendants' motions for a mistrial and their motion for directed verdicts.

There was evidence of the following facts.  The plaintiff Murray was driving the tractor of Elm on Route 1 shortly

[1] The action was in four counts: count 1 by Murray against Foster for personal injuries; count 2 by Murray against Eastern for personal injuries; count 3 by Elm against Foster for property damage; count 4 by Elm against Eastern for property damage.

after 3 A.M., on October 1, 1957. He proceeded for about four or five miles "cautiously because it was foggy." He entered a bank of "smog and fog mixed" and reduced his speed to about five or ten miles an hour because he "couldn't see where . . . [he] was going"; he "could not see his hand in front of him." Murray had continued for about one quarter to one half mile in the fog and smog when his trailer was struck in the rear left corner by the tractor trailer owned by the defendant Eastern and operated by the defendant Foster. Murray did not know that there was a vehicle behind him until the trailer attached to the Elm tractor was struck. The defendant Foster was driving the tractor trailer of Eastern along Route 1 at a rate of forty to forty-five miles an hour. There was no smog or fog "bothering him" until just before the accident when "he came into a very thick smog." He could not see through it. "[I]t was just like putting a blanket over your head." As he entered the smog, Foster started applying his brakes. "[H]e did not hit them too hard because where the ground was a little bit damp, there is always a chance of jack-knifing." He traveled from 100 to 150 feet in the smog when he struck the tractor trailer driven by Murray. Foster was within five feet of the other trailer before he saw it.

1. The defendants' motion for a directed verdict was properly denied. There was sufficient evidence to warrant a finding that the defendant Foster was negligent in the operation of the tractor trailer and that his negligence was the proximate cause of the injuries. See *Reardon Importing Co.* v. *Security Trust Co.* 318 Mass. 304, 307.

2. The defendants excepted to the admission of testimony of one Coe, a State police officer, who investigated the accident, as to the weather conditions at the scene of the accident at the time of his arrival, approximately 3:50 A.M. There was no error in the admission of this testimony. It was for the trial judge to determine whether evidence of weather conditions at the time the witness arrived at the scene was too remote to aid the jury in their determination. *Ducharme* v. *Holyoke St. Ry.* 203 Mass. 384, 394. *Nelson* v. *Old Colony St. Ry.* 208 Mass. 159, 161.

3. The witness Coe also testified that he talked with the two parties (Foster and Murray) "who were standing there." He related what the defendant Foster had told him. He was then asked: "Will you tell us what was said by you to him [Murray] and what he said to you?" The defendants interposed a general objection. The witness was allowed to testify subject to the defendants' exception. Coe testified that Murray told him he came upon a smog bank, slowed to about five miles an hour, and suddenly heard a squeal of brakes and felt a bump in the rear which pushed him from the center lane to the left lane and he then moved his truck to the center strip. This was substantially in accord with other testimony at the trial. No basis for admitting the testimony is shown (see *Commonwealth* v. *Boris,* 317 Mass. 309, 317) but we perceive no harmful error.

4. The defendants excepted to the admission of testimony by Murray's mother regarding complaints of pain made by Murray at various times after the accident. The testimony related to expressions of present pain. There was no error in the admission of such evidence. *Bacon* v. *Charlton,* 7 Cush. 581, 586. *Weeks* v. *Boston Elev. Ry.* 190 Mass. 563, 565.

5. John W. McCarthy, called as a witness by the plaintiffs, testified that he was in the business of selling and repairing new and used motor trucks; that he had been engaged in that business since 1944; and that he had examined the tractor of Elm. He was then asked: "And from the damage that you saw, whether or not in your opinion the damage that you saw was consistent with that tractor having been involved in an accident?" The defendants objected on the grounds that the question was not "a matter for opinion testimony as to cause, adequate cause," and that the question "doesn't call for an expert." The witness was allowed to answer and the defendants excepted.

The witness was not asked whether the accident in question was the cause of the damage to the vehicle, but whether the damage was consistent with its having been in an accident. That question was a proper subject for expert testimony. *Lenehan* v. *Travers,* 288 Mass. 156, 158–159.

6. On direct examination, one Bronski who was called as a witness by the defendants, testified that he had been in the business of "auto body and truck repair" for twenty years; that he had examined the trailer of Badger which had been involved in the accident; and that the "cost of the damage" to the trailer was $41.75.

On cross-examination, counsel for the plaintiffs asked the witness whether he knew ". . . what the Markel Service paid for the cost of damage to that trailer." The witness replied that he did not know. He was then asked, "Do you know what they paid the Badger people for that trailer?" He answered, "I have no idea." Subsequently, the plaintiffs' counsel asked, "Did you ever hear the sum of $3,000 being paid to Badger—" Counsel for the defendants objected. The witness was permitted to answer that he did not and the defendants excepted. Thereupon, the defendants' counsel moved that a mistrial be declared. The motion was denied and the defendants excepted.

Thereafter counsel for the defendants submitted a written motion for a mistrial "for the reason that prejudicial questions were asked of the witness Bronski." The motion was supported by two affidavits. One was from the attorney for the defendants stating that "prior to the completion of the testimony" he had no knowledge of any settlement of any claim of Badger against either of the defendants; the other was from the manager of Markel Service, Inc., whose employees investigated the accident "as exclusive agents of an insurance company" which carried the coverage on the vehicle owned by Eastern. The latter affidavit stated that at no time had the amount of $3,000 "or any amount of money, been paid to . . . [Badger] by the Markel Service, Inc., its agents, servants, attorneys or employees, or by the insurance company." The defendants' counsel also requested permission to call an additional witness to testify to the facts contained in the affidavits. This request and the written motion for a mistrial were each denied and exceptions were taken to both rulings.

The question objected to was improper even though the answer which it elicited was not harmful to the defendants.

The question itself may have suggested to the jury that the defendant Eastern or its representative paid a certain sum to Badger in settlement of the damages sustained by that company as a result of the accident. Evidence of a settlement entered into by the defendants with a third person not a party to the action for injuries arising out of the same accident would be inadmissible on the issue of the defendants' liability to the plaintiffs. *Carpenter* v. *Boston & Maine R.R.* 295 Mass. 103, 106.

It was the duty of the judge to safeguard the rights of the parties by removing all improper effect which the question may have had upon the minds of the jurors. However, it rests within the sound judicial discretion of the judge to determine what steps should be taken to accomplish that end. *Shea* v. *D. & N. Motor Transp. Co.* 316 Mass. 553, 555. He ". . . may declare a mistrial when it appears to him that the ends of justice are likely to be defeated if the case is allowed to proceed to verdict or he may decide that in his charge to the jury he could amply safeguard the rights of the parties." *Reid* v. *Hathaway Bakeries, Inc.* 333 Mass. 485, 487.

The charge is not in the record and there is nothing to show that the harm from the improper question was there overcome. The judge gave his imprimatur to an improper question despite repeated objections by the defendants. Subsequently, when counsel for the defendants made the oral motion for a mistrial the judge said, "Nothing doing." In these circumstances there is no basis for assuming that the judge took a different view later in the case and instructed the jury to disregard the implications of the improper question.

There was harmful error in allowing the question and denying the defendants' motions for a mistrial without removing the effect of the improper question by an adequate statement to the jury.

7. We do not consider the exceptions relating to the recording of verdicts for the plaintiff as it is highly unlikely that a similar situation will arise at another trial.

*Exceptions sustained.*