*Northern District*
No. 6338

**JOSEPH O'CONNELL and another**

v.

**RAYMOND L. BURKE**

Argued: Dec. 14, 1966    Decided: Feb. 27, 1967

*Present:* Brooks, P.J., Connolly, Yesley, J.J.
Case tried to ARTESANI, J. in the Municipal Court of the Brighton District. No. 428 of 1965

*Yesley, J.    This action is to recover for personal injuries resulting from a collision on* January 21, 1965, between a motor vehicle operated by plaintiff Joseph O'Connell and one operated by the defendant at an intersection in Brighton. The plaintiffs, who are husband and wife, brought a writ dated April 1, 1965, return-

able to and entered in the Municipal Court of the Brighton District on May 24, 1965, having an ad damnum of $500.00. The defendant filed his answer on May 26, 1965. At the trial which commenced on October 6, 1965, there was evidence that Joseph O'Connell suffered bodily injuries which disabled him for six and one half weeks from his public employment and about five months from a private business, and for the treatment of which he made thirty-two visits to a doctor at a cost of $238.00, and that his wife received injuries for which she was hospitalized for six or seven days, followed by three weeks confinement to bed at home and medical treatment for almost five months. At the close of the first day's evidence the plaintiffs moved to increase the ad damnum of the writ from $500.00 to $15,000.00, without previous notice of such intention to defendant's trial counsel who came into the case on September 28, 1965. The case was continued to another day for the taking of further evidence and for hearing of the motion. When the case resumed the defendant presented two motions, one for leave to remove the case late alleging that "through a misleading ad damnum in the writ, the action was not removed to the Superior Court within the time allowed", and the other for a mistrial on the ground that if "(the motion to increase ad damnum) is allowed, the defendant will be deprived of his right seasonably to claim jury trial".

The trial justice granted the motion to increase the *ad damnum,* denied the motions for leave to remove late and for mistrial, and found for the plaintiffs awarding damages to Joseph O'Connell in the amount of $4500.00 and to his wife in the amount of $3400.00. The defendant claims to be aggrieved by the trial justice's disposition of the foregoing motions and of two of the requests for rulings submitted by him at the close of the evidence. One of these requests (no. 2) asked for a ruling that: "The defendant has been improperly deprived of his right to seasonably claim jury trial if the plaintiffs' motion to increase ad damnum from $500.00 to $15,000, is allowed". It was denied. The other request (no. 3) asked for a ruling that: "The defendant has the right to claim jury trial late if the plaintiffs' motion to increase ad damnum from $500.00 to $15,000, is allowed". The trial justice disposed of this request in the following language: "Granted that defendant has right to claim jury trial late but court in its discretion denied defendant's motion to remove late to Superior Court and further defendant never made any motion to claim [jury] trial late". These requests relate to the motions to increase the ad damnum and for leave to remove late; they pose no questions dealing with the substantive issues tried. Thus we have before us for review only the propriety of the court's disposition of the three aforementioned motions.

■ Taking these motions in sequence, we turn our attention first to the plaintiffs' motion to increase the ad damnum of the writ. The allowance of such motion ordinarily rests in the sound discretion of the court, *Luddington* v. *Goodnow,* 168 Mass. 223, 225; *Laxton* v. *Hay,* 211 Mass. 463, 464; *Kerr* v. *Palmieri,* 325 Mass. 554, 558; it may be done at any time before final judgment. G.L. c. 231, § 51.

■ The defendant argues, however, that the allowance of the motion was an abuse of discretion. Having in mind that abuse of discretion is "judicial action that no conscientious judge, acting intelligently, could honestly have taken" — *Bartley* v. *Phillips,* 317 Mass. 35, 42, we now examine the circumstances which the defendant suggests combined to taint the trial justice's action as an abuse of discretion. He points to the setting of an original *ad damnum* of $500.00 far below the amount that could be expected to be awarded in damages if liability were proved, to the fact that the motion seeking a thirty-fold increase in the amount of the ad damnum was not presented until after the trial was well advanced, and to the fact that "the defendant could not remove a case with (an) ad damnum (of $500.00)" by reason of the amendment of the statute (G.L. c. 231, § 104) dealing with the removal of actions from the district court to the superior court, by St. 1965, c. 377, approved on April 27, 1965. The amendment adds the following paragraph to section 104, namely:

"If the ad damnum in the writ does not exceed two thousand dollars, the case shall be tried in the district court and the defendant shall, if he desires trial by the superior court, file said entry fee and bond within ten days after notice of the decision or finding. Such filing shall have the same effect as a request for retransfer under section one hundred and two C, and the decision shall be transmitted to and the case tried in the superior court subject to the provisions of said section one hundred and two C applicable to re-transferred cases.

The defendant argues that since the 1965 act is not subject to a referendum petition under the State Constitution (as a law relating "to the powers of courts" — Art. 48 of the Amendments of the Constitution, the Referendum, Parts I, II, III), and since no specific effective date is mentioned in the act, it took effect thirty days after passage, namely, May 27, 1966 (G.L. c. 4, § 1, see *Commonwealth* v. *Sacco,* 255 Mass. 369, 411); and since it is a procedural statute it became applicable to the case at bar which was then pending. *Smith* v. *Freedman,* 268 Mass. 38, 41; *E. B. Horn Co.* v. *Assessors,* 321 Mass. 579, 584; *Kerr* v. *Palmieri,* supra, at p. 557. If we accept that reasoning, without deciding the point, then from May 27th on, the defendant no longer had the absolute right of removal granted by section 104 prior to the

1965 amendment. Since the writ did not exceed $2000.00, the case now had to be tried first in the district court (St. 1965, c. 377). By virtue of the amendment, however, the defendant in exchange acquired a new right to enter the case in the superior court within ten days of the finding by the district court and there to have a brand new trial, with jury if claimed in due course, as in a re-transferred case under section 102C. (St. 1965, c. 377). In the light of this, it is difficult to follow the defendant's argument that there was an abuse of discretion in the allowance of the motion to increase the ad damnum. While the amount of the district court award of damages does have a prima facie effect in the second trial (G.L. c. 231, § 102C), we do not consider this sufficient to establish a basis for a claim of abuse of discretion. The plaintiffs do not argue that the awards by the trial justice were excessive. We conclude that there was no abuse of discretion in the allowance of the motion to increase the *ad damnum,* no more than would be the case if a similar motion were to be later allowed in the second trial in the superior court in the event of entry of the case therein by the defendant under the 1965 amendment.

There was no error in the action of the trial justice in denying the defendant's motion to remove late. If it is the correct view of the law that the 1965 amendment applied to

this action, then the defendant had no right of removal thereunder since the writ as originally entered did not exceed $2000.00; he had the right of entry into the superior court only after finding. If the amendment was not applicable, there would still be no legitimate ground for claim of error, for late removal under G.L. c. 231, §§ 104 (prior to the amendment) and 107, was expressly a matter of discretion.

The defendant argues, however, that upon the *ad damnum* being amended to $15,000.00 he acquired the right to remove the case as one now having an ad damnum in excess of $2000.00. As support for interpreting the $2000.00 ad damnum as being a sliding standard and not one fixed by the original ad damnum of the writ, he cites the removal procedure from state to federal court as an analogy. However, the Federal Statute (28 USCA s. 1446(b)) dealing with removals from a state court to the district court of the United States specifically provides that a case, not originally removable, may become so upon an amendment of the pleadings which brings the case for the first time into a removable status. See *Harriman* v. *Liberian Maritime Corporation*, 204 F. Supp. 205 (U.S.D.C. D. of Mass. 1962). By contrast, the text of G.L. c. 231, § 104, as amended by the 1965 act, does not admit of such elasticity. The language is rigid in using the ad damnum as of the time of original entry of the action as the reference point.

This construction, in requiring a trial first in the District Court despite the increased ad damnum by amendment, serves the purposes sought to be accomplished by the 1965 amendment, namely, to relieve congestion in the superior courts and to avoid the court paper work involved in the round-trip of cases entered in the district court, then removed by defendants to the superior court, thereafter to be remanded to the district court under G.L. c. 231, c. 102C. (See 40th Report of the Judicial Council, 1964 Pub. Doc. 144, pp. 14-17). In any event, it isn't likely that plaintiff's attorneys will deliberately depress their writs to $2000.00 or less in cases involving serious injuries in order to remain in the district court. Such a course involves a plaintiff in real risks without any compensating benefit. Under the 1965 statute he thereby loses the right to a jury trial and also forfeits a chance for a second trial in the superior court if the first trial ends unfavorably, whereas the defendant would have the option of this second trial if dissatisfied with the district court finding. To avoid these consequences he need only set an ad damnum in excess of $2000.00. It is far more likely that writs will be blown up beyond $2000.00, than that they will be depressed to a lesser figure. It is rightly not contended that the allowance of an amendment increasing the ad damnum of a writ to an amount in excess of $2000.00 in any way jeopardized the right of

the defendant to enter the case in the superior court after the finding (St. 1965, c. 377) and to claim a jury trial (G.L. c. 231, § 102C). We see no error in the denial of defendant's motion to remove late.

The denial of defendant's motion for a mistrial was within the court's discretion. The report discloses no ground requiring such action. See *Murray* v. *Foster,* 343 Mass. 655, 660. The defendant was given full opportunity to meet the evidence of substantial damages.

There being no error, the report is ordered dismissed.

PAUL H. KING
   for the Plaintiff
JOSEPH M. McDONNELL
   for the Defendant