TOWN OF AVON *vs.* CITY OF BROCKTON.

Norfolk.   February 6, 1969. — February 28, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Taxation,* Payment in lieu of taxes, Property of municipality in another municipality.   *Municipal Corporations,* Property.

Failure of the assessors of a municipality to comply with the requirement of the predecessor of G. L. c. 59, § 7, that within one year after the acquisition of land therein by a second municipality for the purposes of its water supply they determine the average valuation of such land specified in the predecessor of § 6 precluded liability on the part of the second municipality to make annual payments under § 6 to the first municipality in lieu of taxes.   [403–404]

Failure of the assessors of a municipality, incorporated prior to the enactment of St. 1893, c. 352, to comply with the requirement of § 2 that within one year after the passage of that act they determine the average valuation, specified in § 1, of land therein held on the day of such passage by a second municipality for the purposes of its water supply precluded liability on the part of the second municipality to make annual payments under § 1 and successor statutes to the first municipality in lieu of taxes, even though the second municipality acquired the land before the first municipality was incorporated.   [404]

Under G. L. c. 59, §§ 6 and 7, the basis of valuation by the assessors of a municipality of land therein held by a second municipality for the purposes of its water supply, in order to determine the annual payment in lieu of tax to be made by the second municipality to the first, must be "the average of the assessed values of the land . . . for the three years last preceding the acquisition thereof" by the second municipality, not the fair cash value at the time of assessment for each year and not including structures not on the land when it was acquired by the second municipality.   [404]

BILL IN EQUITY filed in the Superior Court on May 1, 1967.

The suit was reported by *Beaudreau,* J.

*James T. Grady,* Town Counsel, for the plaintiff.

*Daniel J. O'Connor,* Assistant City Solicitor, for the defendant.

WILKINS, C.J.   This bill for declaratory relief pursuant to G. L. c. 231A seeks a determination whether the defendant city owes the plaintiff town any sums in lieu of

taxes upon certain real property located in Avon and owned by Brockton. This property consisted of approximately 165.212 acres used for the purpose of a water supply and two structures known as the Avon Twin Reservoirs, which store, preserve and protect the water supply used by the inhabitants of Brockton. G. L. c. 59, §§ 6, 7. The case is reported without decision by a judge of the Superior Court upon the pleadings and a statement of agreed facts.

Pursuant to St. 1878, c. 124, the then town of Brockton was authorized to take or purchase certain land of an existing water supply, known as the waters of Salisbury Brook, within the then town of Stoughton "for the purpose of constructing one or more reservoirs for the storage of water for a water supply" for Brockton, "and to construct upon said land, certain dams, buildings, fixtures and other structures as necessary to protect same and secure the purity of the water." For these purposes, on various dates in 1880, 1881, 1882, 1885, 1892, and 1895, pursuant to St. 1878, c. 124, Brockton did take or purchase approximately 196 acres of "land and water" in the easterly part of Stoughton in the areas of Salisbury Brook "for the purpose of building thereon a dam and constructing a storage reservoir for a water supply and for the further purpose of protecting said reservoir and securing the purity of the water therein." By St. 1888, c. 47, the eastern part of Stoughton became the town of Avon. By St. 1881, c. 192, Brockton became a city. Pursuant to St. 1911, c. 41, the city of Brockton took by eminent domain in Avon approximately six acres, 19,500 square feet, for the purpose of improving its water supply system by the construction of storage reservoirs. In 1911 Brockton built two structures known as the Avon Twin Reservoirs, and in 1965 covered each with a roof.

In 1966 Avon assessed the land and reservoirs at a valuation of $269,500, for which it demanded the payment of $22,907.50 in lieu of taxes for the year 1966. Similarly Avon demanded $23,675.83 for the year 1967. More than six months have elapsed since the demands, and the mayor of Brockton and the water commission have not appealed to

the Appellate Tax Board. Brockton has refused to pay the two sums, which were the only such requests made by Avon. No payments in lieu of taxes have ever been made by Brockton to Avon.

Under G. L. c. 59, § 6, as amended through St. 1946, c. 410, "Property held by a city [or] town . . . in another city or town for the purpose of a water supply [or] the protection of its sources . . . if yielding no rent, shall not be liable to taxation therein; but the city [or] town . . . so holding it shall . . . pay to the city or town where it lies an amount equal to that which such city or town would receive for taxes upon the average of the assessed values of the land, which shall not include buildings or other structures except in the case of land taken for the purpose of protecting the sources of an existing water supply, for the three years last preceding the acquisition thereof. . . ." By § 7 of c. 59, as amended through St. 1945, c. 367, § 1, "The assessors of a city or town where land is acquired by such other city [or] town . . . for water supply . . . shall, within one year after such acquisition, determine the average valuation of such land under the preceding section, and certify the amount so determined to such other city [or] town . . . . The mayor or selectmen . . . within six months after receipt of said certificate, may appeal from such determination to the appellate tax board; and said board shall determine the valuation in the manner provided in the preceding section, and section sixty-five, so far as applicable, shall govern such appeal."

Section 65 of G. L. c. 59 is in form procedural and does not purport to affect substantive rights. *Wynn* v. *Assessors of Boston*, 281 Mass. 245, 247–248. *E. B. Horn Co.* v. *Assessors of Boston*, 321 Mass. 579, 582. The city of Brockton is objecting to failure of the town of Avon to meet the basic requirements of the statute, not to the amount of valuation. The fact that the city has not appealed to the Appellate Tax Board is without significance.

The fundamental difficulty facing the town of Avon is that within a year after any acquisition it did not determine

the average value of the land for the preceding three years. No reason is suggested for disregarding this express requirement which has been a keystone of the statute from its original enactment. The true issue is not whether the town is estopped which the town in argument denies, but simply whether it has met the statutory mandate which is a condition precedent to any payment in lieu of taxes.

Avon also raises a point that the first taking in 1880 was eight years before Avon became a town. In so doing it ignores the obvious fact that the topic is explicitly covered by St. 1893, c. 352, the lineal ancestor of c. 59, §§ 6, 7. This provides in § 2: "The assessors of any city or town in which land is held for the aforesaid purposes on the day of the passage of this act shall, within one year after such passage, determine the aforesaid average valuation of such land and certify the same to the mayor of the city or the selectmen of the town holding the same; and the assessors of any city or town in which any land is hereafter taken for the aforesaid purposes shall, within one year after such taking, determine and certify as aforesaid the said average valuation of the land so taken."

What we have said is enough to dispose of the case, but we shall indicate an elementary flaw in the town of Avon's argument claiming that the assessed value of the land and structures here considered should be based upon the fair cash value at the time of assessment for each year. The argument is a complete flouting of G. L. c. 59, §§ 6 and 7, both of which prescribe quite a different procedure. It must clearly be understood that the basis of valuation for the future must be "the average of the assessed values . . . for the three years last preceding the acquisition thereof." This also means that structures not on the land when it was acquired cannot be included. The procedure which the town contends for would not differ from regular taxation, and the phrase "payment in lieu of tax" would be inept.

Declaration is to be made that Brockton owes Avon no sums in lieu of taxes.

*So ordered.*