BERKSHIRE APPAREL CORPORATION & others *vs.* SIDNEY S. STOGEL & others. December 8, 1971. This is a bill in equity brought to enjoin the defendants from entering a competing business and from using and disclosing information confidentially divulged to them while they were officers of the plaintiff Berkshire Apparel Corporation. The other seventeen plaintiffs are affiliated corporations of Berkshire Apparel Corporation. The plaintiffs claim an appeal under G. L. c. 214, § 19, from the final decree dismissing the bill as to each defendant. The judge found that there was at no time any agreement between the plaintiffs and the defendants restricting their activities upon termination of employment. He also found that the defendants returned all useful records and data to the plaintiffs soon after dismissal, and that the "intangible" knowledge and skill acquired by the defendants while employed by the plaintiffs did not constitute trade secrets or confidential information subject to any implied or express understanding that it would not become part of the experience that the defendants could take with them and use if their employment with the plaintiffs should end. There is nothing in the evidence which supports the plaintiffs' allegations to the contrary. The corporate officer who verified the bill of complaint testified that at the time he signed it he did not know whether in fact the defendants had possession of twenty-two categories of records, as alleged, and that a search later revealed that none was missing. The findings of the judge and his rulings that the defendants were not precluded from entering into competition with the plaintiffs in half-size dress manufacturing were clearly right, as was his final decree dismissing the bill as to each defendant. The judge was also within his discretion in refusing to grant the plaintiffs' motion to reopen the hearing for the purpose of introducing evidence of events subsequent to the closing of the trial. *Kerr* v. *Palmieri*, 325 Mass. 554, 557. The plaintiffs' appeal is frivolous. The decree dismissing the appeal is affirmed with double costs. G. L. c. 211, § 10.

*So ordered.*

*Robert M. Rodman* for the plaintiffs.
*Edward J. Barshak* (*David A. Barry* with him) for the defendants.