PHYLLIS B. MAYER, executrix, *vs.* FREDERICK E. ROCKETT
(and seven companion cases[1]).

Essex.    February 8, 1972 — June 2, 1972.

Present: CUTTER, SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Negligence,* Motor vehicle, Violation of law. *Proximate Cause.*

Evidence that a school bus was operated by one who had no license to
do so in violation of G. L. c. 90, § 8A, and that the operator stopped
the bus in a State highway underpass at the direction of his em-
ployer in violation of State driving regulations warranted findings
of negligence of the operator and the operator's employer, and that
such negligence was a proximate cause of an accident which
occurred when an approaching tractor-trailer tank laden with gaso-
line jackknifed and covered the area with flaming gasoline which
fatally burned the operators of the tractor-trailer tank and of a
car that had stopped behind the school bus. [23]

EIGHT ACTIONS OF TORT in the Superior Court.   Writs
in the first two actions dated July 11, 1963, and in the
other actions, respectively, April 24, 1967, February 6,
1964, March 8, 1963, January 2, 1964, December 16,
1965, and December 24, 1964.

Upon consolidation of the actions, they were tried be-
fore *Coddaire,* J.

*John Z. Doherty (David S. Miller & A. Joseph Ross*
with him) for Frederick E. Rockett & another.

*Thomas E. Connolly (Arthur L. Johns* with him) for
Phyllis B. Mayer, executrix.

*Thomas E. Cargill, Jr.,* for Margaret E. Trudelle, ad-
ministratrix.

---

[1] Phyllis B. Mayer, executrix, *vs.* Rita P. Fiore.
Rita P. Fiore *vs.* Maurice W. Starkey.
Maurice W. Starkey *vs.* Rita P. Fiore.
Commonwealth *vs.* Rita P. Fiore & another.
Margaret E. Trudelle, administratrix, *vs.* Frederick E. Rockett &
another.
New England Telephone & Telegraph Company *vs.* Rita P. Fiore
& others.
Massachusetts Electric Company *vs.* Rita P. Fiore.

*Christopher H. Worthington,* Assistant Attorney General, for the Commonwealth, *& Andrew B. Goodspeed,* for Maurice W. Starkey, were present but did not argue.

REARDON, J.   In these actions of tort for conscious suffering and wrongful death and property damage, the defendants Frederick E. Rockett and Rita P. Fiore have excepted to the denial of their motions for directed verdicts, and in addition allege error in the admission of certain evidence to which exception was taken.   The pertinent facts are these.   Acting under instruction of his employer, the defendant Rita Fiore, the defendant Rockett stopped a school bus he was driving in the right hand lane of a three lane State highway under a darkened underpass for the purpose of picking up passengers.   The plaintiff Phyllis Mayer's deceased husband, Robert Mayer, stopped his car in the middle lane behind the bus, and the plaintiff Margaret E. Trudelle's deceased husband, John Trudelle, driving a tractor-trailer tank heavily laden with gasoline, approached the parked vehicles. Upon its approach, with its brakes on, the tractor-trailer gasoline truck jackknifed and covered the area with flaming gasoline which fatally burned Mayer and Trudelle.   The defendant Rockett at the time was not licensed to operate a school bus as required by G. L. c. 90, § 8A. Article II, 1, of the Rules and Regulations for Driving on State Highways prohibits parking or standing of any vehicle on any street, way, or highway under the control of the Department of Public Works, while art. IIA, 1 (m), prohibits any vehicle from standing or parking in any State highway underpass.   The jury could properly have found that the defendants Frederick Rockett and Rita Fiore were negligent.   Their violation of the statute and regulations cited was not only evidence of negligence but also could properly have been found to be a proximate cause of the accident which occurred.   *Milbury* v. *Turner Centre Sys.* 274 Mass. 358, 361, and cases cited.   See *Leveillee* v. *Wright,* 300 Mass. 382, 387–389, and cases cited.   Other exceptions brought here by the

defendants Rockett and Rita Fiore are without merit. They involve either judicial discretion, of which we find no abuse (*Murray* v. *Foster*, 343 Mass. 655, 657), or the admission in evidence of testimony properly admitted because of its bearing on the issue of the defendants' culpability (*Boott Mills* v. *Boston & Maine R.R.* 218 Mass. 582, 585).

*Exceptions overruled.*