## EUGENE S. FARNUM *vs.* HOWARD G. RAMSEY.

Worcester.　　October 17, 1918. — November 25, 1918.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & PIERCE, JJ.

*Sale. Agency. Contract,* What constitutes. *Practice, Civil,* Exceptions, Charge.

In an action for the price of five tons of coal, where the defendant testifies that he bought the coal from a person other than the plaintiff and that he paid for the coal by crediting the price as part of the purchase money for a motor cycle which he delivered to such person under a contract of conditional sale, and where the plaintiff contends that such third person was his agent, and the jury find for the defendant, the plaintiff is not aggrieved by a refusal of the judge at the trial to rule that, "There is no evidence on which the jury can find that [the third person] was authorized as the plaintiff's agent to purchase any motor cycle with title to be conferred upon said [third person] at the time of the purchase," because, if the third person was the plaintiff's agent and the plaintiff could call on him to account for the motor cycle, it was immaterial that the title was put by the defendant in such agent's name.

In an action of contract for the price of coal alleged to have been sold by the plaintiff to the defendant, which the defendant testified that he bought from a third person individually, although such person was alleged by the plaintiff to have been his agent, where the jury found for the defendant, it was *held* that the plaintiff was not aggrieved by a refusal of the judge at the trial to rule, that, if the defendant used the coal after notice from the plaintiff that the coal was his and not the third person's or if the circumstances ought to have led the defendant to believe that it was the plaintiff's coal, the defendant was liable, because, although these facts might have had a bearing in an action of tort for a conversion of the coal, they were by no means conclusive of the defendant's liability in the action of contract, if indeed they had any bearing at all on such liability.

Where, upon an exception to a part of the charge of a judge, the part of the charge excepted to appears to be obscure but the rest of the charge is not set forth nor described, it cannot be said that the part of the charge excepted to may not have been made plain by the rest of the charge, and the mere obscurity of that part of the charge taken by itself does not show error affirmatively, as an excepting party must do in order that his exception should prevail.

CONTRACT to recover $42.50, as the price of five tons of coal at $8.50 a ton sold and delivered by the plaintiff to the defendant, with interest thereon. Writ in the Second District Court of Southern Worcester dated May 31, 1916.

The answer contained a general denial and further alleged that if the plaintiff delivered the coal it was not delivered to be charged to the defendant but was delivered on account to be charged to another party. There was no allegation of payment.

On appeal to the Superior Court the case was tried before *Bell*, J. The evidence is described in the opinion. At the close of the evidence the plaintiff asked the judge to give to the jury the following instructions:

"1. There is no evidence on which the jury can find that Clarence Sawyer was authorized as the plaintiff's agent to purchase any motor cycle with title to be conferred upon said Sawyer at the time of the purchase.

"2. If the jury find on the evidence that at some time after the delivery of the coal concerned the defendant learned that said coal was the property of the plaintiff, and the defendant did not return said coal to the plaintiff, but continued using it, or the remainder thereof, the plaintiff is entitled to recover.

"3. If the jury find on the evidence that coal owned by the plaintiff was actually delivered by the plaintiff or some person authorized in his behalf to the defendant or some person duly authorized by him to receive the same, and that at some time thereafter the plaintiff informed the defendant that the said coal was owned by the plaintiff, the plaintiff is entitled to recover, provided it appears that the defendant did not return said coal to the plaintiff, but continued using the same.

"4. If the jury find that the circumstances under which the defendant entered into the contract with Clarence Sawyer, as claimed by the defendant, were such as should have put a reasonable man on his guard, and caused him to suspect that said coal was not owned by Sawyer, but by the plaintiff, and it appears that said coal actually was owned by the plaintiff, and that the use and benefit thereof was derived by the defendant, the plaintiff is entitled to recover."

The judge refused to give any of these instructions to the jury and as a part of his charge gave the following instruction, to which the plaintiff excepted:

The question is "whether those five tons were delivered to the defendant as the property of Farnum, or when delivered to Ramsey through other persons reached Ramsey as the property of

Sawyer and in payment for Sawyer for that debt and that was authorized by Farnum or whether Farnum directly or indirectly authorized Sawyer to deliver this coal before the coal was delivered as Sawyer's coal and in payment of Sawyer's debts. If so, of course it is paid in payment of Sawyer's debt. On the other hand if that coal went to Ramsey without any authority of Farnum and treated as his own and not to apply on Sawyer's debt and it was Farnum's coal and was always Farnum's coal and reached Ramsey as Farnum's coal, not having been paid for is the plaintiff's case."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*F. W. Morrison, H. Davenport & W. B. Feiga,* for the plaintiff.

*S. B. Taft,* for the defendant.

LORING, J. This is an action of contract for the price of five tons of coal alleged to have been sold by the plaintiff to the defendant. The defendant had a verdict and the case is here on exceptions taken to the refusal to give the four instructions printed on page 287 and on one exception taken to that part of the charge of the presiding judge there set forth.

The defendant was put on the witness stand by the plaintiff. He testified "that he bought the coal of Sawyer and not of" the plaintiff; that Sawyer wanted the defendant to sell him a motor cycle and offered to "give as the first payment five tons of coal, which he [Sawyer] said was his personal property;" that he (the defendant) "agreed to this and made out a conditional bill of sale of the motor cycle to Sawyer;" that "later" he "received from Sawyer" a bill on Farnum's "regular bill head" in these words: "Uxbridge, Mass., Oct. 22, 1915. . . . Sold to Mr. Howard Ramsey. 5 tons Lehigh Chestnut Coal at $8.50. . . . $42.50 (for later delivery). This amount is paid when applied as partial payment on Indian motor cycle No. 79 F. 816. E. S. Farnum." This was marked and will be referred to as exhibit I. The defendant further testified that the coal was delivered "in the latter part of October" by Sawyer; that he knew at the time that "Sawyer was employed by the plaintiff as the driver of a team by which coal was delivered." In addition the defendant testified that "at some time later the plaintiff" asked him to change the lease of the motor cycle "from

Sawyer to him" and he refused to do so "until he [Sawyer] broke the bargain" that Sawyer made with him.

The plaintiff testified that Sawyer told him "that he, Sawyer, was anxious to have a motor cycle but could not get one as Ramsey would not trust him; that the plaintiff said that if Sawyer would stop drinking the plaintiff would buy the motor cycle and that Sawyer could use it and then buy it from the plaintiff, paying for it out of his, Sawyer's, wages; that the plaintiff further suggested that Ramsey would probably be willing to credit his winter's supply of coal in part payment and directed Sawyer to go to Ramsey and see if the trade could be made; that later, Sawyer returned and reported that Ramsey was willing; that the bill signed as produced by Ramsey was then sent to Ramsey to be delivered by Sawyer." There was no evidence connecting the defendant with the facts so testified to. The plaintiff further testified that "Sawyer broke his promise to stop drinking" and the plaintiff told the defendant that the sale of the motor cycle "should have been made to [him] the plaintiff;" and told him that "he would have to be paid for the coal or have the lease of the motor cycle made to him which the defendant said he could not do because Sawyer had bought it and had not broken the lease."

Sawyer was not put upon the witness stand by either party.

There is a short answer to the first ruling asked for and to the plaintiff's complaint that the title to the motor cycle ought to have been taken in his (the plaintiff's name) and not in Sawyer's name. The short answer is that on the assumption on which the plaintiff proceeded it was immaterial whether the title was put by the defendant in Sawyer's name or in the plaintiff's name. The plaintiff went on the assumption that Sawyer acted as his agent in selling the coal and buying the motor cycle. If he did the title to the motor cycle was in the plaintiff as between the plaintiff and Sawyer although the defendant put the title in Sawyer's name. Since Sawyer acted as the plaintiff's agent any title taken in his agent's name was his.

There are other objections to this request for a ruling which are fatal. But it is not necessary to consider them.

A short answer to the second, third and fourth rulings asked for is that the money due for the coal had been paid by being applied as partial payment on the motor cycle in accordance with the

terms of the bill for the coal delivered by Sawyer to the defendant if that is to be taken to be a bill for the sale of the coal by the plaintiff to the defendant.

It is apparent from the pleadings and the terms of the bill of exceptions however that the case was not tried on the issue of payment. The defence set up at the trial was that the coal was bought by the defendant of Sawyer as Sawyer's coal and for this reason that the defendant was not liable to the plaintiff as purchaser of the coal from him. In that aspect of the case also the second, third and fourth rulings asked for were rightly refused.

In his argument here the plaintiff has relied on *Orcutt* v. *Nelson,* 1 Gray, 536, and similar cases in support of his contention that the facts set forth in the second, third and fourth requests are as matter of law decisive in his favor. The contention now put forward by him is this: The defendant must be taken to have bought the coal of the plaintiff as matter of law because (1) exhibit I was as matter of law notice to him that the plaintiff claimed to have sold the coal to him and because (2) he used it after receiving that notice. But that contention is not set forth in these requests. There is no reference to exhibit I in any one of these requests. The second and third requests are based on the legal effect of using the coal after notice from the plaintiff that the coal was his and not Sawyer's. And the fourth is based on the effect of using the coal under circumstances that ought to have led him to suspect that it was the plaintiff's coal and not Sawyer's. These facts might have had a bearing upon the defendant's liability if the plaintiff had sued him in tort for conversion of the coal. But they were not decisive (if indeed they had any bearing as matter of law) upon the issue then on trial, namely, Did the defendant buy the coal from the plaintiff and not from Sawyer?

We do not intimate that the contention now made by the plaintiff but not set forth in his request for rulings was correct.

The part of the charge to which the plaintiff took an exception is obscure. For all that appears this part may have been made plain by the rest of the charge. The rest of the charge is not set forth in the bill of exceptions. The burden is on the excepting party to show error. Under these circumstances the plaintiff has not sustained that burden.

　　　　　　　　　　　　　　　　　　*Exceptions overruled.*