## BYRON HALL v. STOKELY-VAN CAMP, INC.

106 N. W. (2d) 8.

November 10, 1960—No. 37,979.

*Guy McCune* and *Gallagher & Madden,* for appellant.
*Seifert, Johnson & Hand,* for respondent.

MURPHY, JUSTICE.

This is an action for damages alleged to have been sustained by the plaintiff as a result of a nuisance created by the defendant in the operation of its canning plant in Winnebago, Minnesota. The plaintiff had a verdict for $1,350. The defendant appeals from the order of the district court denying its motion for a new trial, contending that the verdict is excessive and is not sustained by the evidence and that plaintiff's counsel in his closing argument to the jury was guilty of misconduct.

From the record it appears that the plaintiff is the owner of a 140-acre farm located southwest of Winnebago. During the canning seasons of 1956 and 1957 the plaintiff, his wife, and daughter occupied the farm as their home. The Blue Earth River runs through the east portion of the farm. The defendant owns and operates a canning factory in Winnebago and processes peas, corn, squash, and carrots. The canning season generally runs from June 15 through October 15 of each year.

There was evidence from which the jury could find that the effluent or waste liquids from the canning process were piped to an earthen pit having a capacity of 53,856 gallons. From this pit the waste material was conveyed by an irrigation pipe across the Blue Earth River to the Smith farm which is located about one-half mile north of the plaintiff's property. On this farm the irrigation pipe connects with an elaborate sprinkling system consisting of 83 sprinkling heads covering 40 acres. The system operates 24 hours a day to dispose of the liquid material by means of evaporation and seepage into the ground. It is conceded that in 1957 part of this effluent drained into the Blue Earth River.

Other waste material was disposed of by the defendant on the so-called Hatch farm, which is located on the east side of the Blue Earth River immediately to the east of the plaintiff's property. Waste material from peas and corn was stacked on a hill on the Hatch farm. It is admitted that effluent from these stacks flowed down a

natural ravine toward the river and settled in a basin approximately 100 by 400 feet. The western edge of this basin was approximately 50 rods from the plaintiff's home. There is evidence that in 1957 effluent from both the Smith farm and the Hatch farm seeped into the Blue Earth River, as a result of which fish were poisoned by the polluted water.

There was testimony from which the jury could find the waste material disposed of by the defendant company on both the Smith farm and the Hatch farm gave off strong and offensive odors which interfered with property owners in the neighborhood. During the canning seasons of 1956 and 1957 these odors pervaded the home of the plaintiff and his family to the point where they could not eat in the dining room, had to keep the windows closed, had difficulty in sleeping, and had to stop work on the farm. On one occasion the foul and nauseating odors caused the plaintiff to become ill. While the intensity of these odors varied from day to day, depending upon the wind and temperature, there was evidence that the odors existed in some degree throughout the canning season. A neighbor living in the vicinity of the Hatch basin stated that "the water [in the Hatch pond] was all blue, black like in color, and fermenting like, bubbling, a very strong smell, sickening smell." The Faribault county attorney visited the basin and testified, "To describe it, I would call it a black, stinking mess—that is the way I would call it." He further stated, "We were fortunately upwind from it, I think the wind was not blowing to us. And yet it was a very offensive odor, in fact so offensive that, even though we were upwind, we quickly left the place."

■ The pertinent portion of Minn. St. 561.01, which is declaratory of the common law, defines nuisance as:

"Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance."

The evidence amply supports the jury's conclusions that the noisome odors resulting from waste material which the defendant company disposed of near the plaintiff's property were, in the language of the statute, "offensive to the senses" and interfered "with the comfortable enjoyment of life or property."

■ We cannot agree with the defendant that the damages are excessive or that they were awarded under the influence of passion and prejudice. The amount of the verdict was not out of line with the damages resulting from the annoyance and discomfort caused to the plaintiff and his family by the defendant's activities. Where recovery is sought for personal discomfort and annoyance, no fixed measure of damages can be applied. The jury has large discretion in assessing damages, having regard to the severity and duration of the nuisance complained of. It does not appear that the verdict was awarded under the influence of passion and prejudice. Krueger v. City of Faribault, 220 Minn. 89, 18 N. W. (2d) 777; see, also, Millett v. Minnesota Crushed Stone Co. 145 Minn. 475, 177 N. W. 641, 179 N. W. 682.

■ The defendant urges that the trial court erred in denying its motion for a new trial on the ground of misconduct of the plaintiff's attorney in his argument to the jury. In his summation the plaintiff's attorney told the jury that some villages and cities have disposal plants and lagoons and employ various chemical treatments of waste materials. There was no evidence on this point. We agree with the defendant that counsel should not introduce into his argument to the jury statements and conclusions unsupported by the evidence. However, counsel may argue to the jury matters of common knowledge or matters of which the court will take judicial notice, even though evidence of such facts has not been formally introduced. In commenting upon the methods by which the defendant might have minimized or reduced the offensive condition complained of, he was merely discussing a matter of common knowledge and was not bringing to the attention of the jury anything it did not already know.

Counsel for the plaintiff also told the jury that his client was protected by law and that, "Whether it is Stokely-Van Camp or General Motors, it makes no difference how big they are, they have no right to interfere with my comfort in my home." It is asserted that this statement was improper in that it was calculated to "inflame the minds of jurors when a corporation is involved in a lawsuit." We agree with the trial court that this particular observation of counsel was not prejudicial. We think it was proper comment to the jury in light of the defendant's closing argument in which it was pointed out that

the canning company was an asset to the community and that it furnished employment and provided a market for produce raised in that area. The effect of plaintiff's argument was that this fact did not justify the maintenance of the conditions complained of.

It is further charged that the attorney for the plaintiff made other inflammatory and prejudicial statements in his argument to the jury but the two points just discussed are typical. We have carefully examined the points raised by the defendant and have considered the asserted improper argument in the context of both arguments and the record as a whole. We have recently said in Wilson v. Sorge, 256 Minn. 125, 97 N. W. (2d) 477, that granting a new trial for misconduct of counsel in closing argument rests almost wholly in the discretion of the trial court, which is in a better position to assess its impact on the jury. It is only where there has been a clear abuse of that discretion that we will reverse on appeal. Although some of the statements of counsel for the plaintiff may have bordered on impropriety, it is difficult to see how a verdict of $1,350 could be based on passion and prejudice.

Affirmed.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.