JEFFREY ROTH & another *vs.* WESTINGHOUSE ELECTRIC CORPORATION.

Middlesex.    November 26, 1973. — April 4, 1974.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

*Negligence,* Escalator. *Practice Civil,* Stipulation, Argument of counsel, New trial. *Error,* Whether error shown.

Where, during trial of actions of tort for personal injuries by the same plaintiff against different defendants, the plaintiff settled with one of the defendants subject to a stipulation in effect that no party should disclose to the jury the amount of the settlement, and the trial proceeded against the remaining defendant, there was no violation of the stipulation when counsel for the remaining defendant in his argument to the jury said in substance that the plaintiff had been adequately compensated in the settlement.    [120-122]

The record in an action of tort for personal injuries failed to show that the plaintiff, as an excepting party following a verdict of the defendant, had sustained his burden of showing error in denial of a motion for a new trial grounded on alleged impropriety in the argument of counsel for the defendant to the jury.    [122-123]

In an action of tort by a small boy against the designer, installer, and inspector of an escalator for serious injuries to his hand and arm sustained by the plaintiff when he fell on the downward moving escalator, there appeared on the evidence to be no abuse of discretion in denial of a motion by the plaintiff for a new trial on the ground that a verdict for the defendant was against the weight of the evidence.    [123]

TORT.    Writ in the Superior Court dated February 15, 1968.

The action was tried before *Moynihan, J.*

*William T. Conlan* for the plaintiffs.

*Robert W. Cornell (John B. Johnson* with him) for the defendant.

ROSE, J.   These actions of tort arise from an accident which occurred on an escalator designed and inspected by the Westinghouse Electric Corporation (defendant) which was located on premises owned by the Alstores Realty Corporation (Alstores) and leased by the Jordan Marsh Company (Jordan Marsh).   The accident took place when a four year old boy fell while traveling on a downward moving escalator.   The child's right hand was caught in the space between the moving escalator and the sidewall (or skirt) and was drawn under the escalator combplate, causing the amputation of the child's hand and other severe injuries to his right arm.

Alstores, Jordan Marsh, and the defendant were each sued by the child for injuries received and by the child's father for his consequential damages.[1]   During the course of the trial the plaintiffs settled their actions against Jordan Marsh and consented to the entry of directed verdicts in favor of Alstores.   The trial continued with respect to the actions against the defendant Westinghouse and resulted in jury verdicts in its favor.   (There was suggestion in the record that the judge instructed the jury that the plaintiffs had entered into a settlement with Jordan Marsh but gave them no indication of the amount of the settlement.)   The plaintiffs subsequently moved for a new trial on the ground that during his argument to the jury the defendant's counsel had violated a stipulation that no party, directly or indirectly, would mention to the jury the amount of the plaintiffs' settlement with Jordan Marsh, and on the ground that the verdicts for

---

[1] In conjunction with the plaintiffs' actions, Alstores and Jordan Marsh entered a third party declaration, alleging a right to be indemnified by the defendant in the event that they should be found liable to the plaintiffs.

the defendant were against the evidence and the weight of the evidence. The motion for a new trial was denied, and the plaintiffs excepted. Their substitute bill of exceptions brings the matter before us.

As regards the first ground advanced by the plaintiffs, the parties' stipulation reads in pertinent part as follows: "1. The defendant Jordan Marsh Company has agreed to pay to the plaintiff the sum of $150,000 without interest or costs in full settlement of the plaintiffs' claims against the defendant Jordan Marsh Company only . . .. 3. No party shall directly or indirectly refer to the amount of the settlement hitherto referred to in paragraph 1 to the jury." The statements which the plaintiffs consider violative of the above stipulation are not set forth in the substitute bill of exceptions. For purposes of this opinion, however, we shall accept the reconstruction of the remarks set forth in the plaintiffs' motion for a new trial. The defendant's attorney stated, in substance, that a good sum of money invested over a period of years would multiply and that the jury could consider that Jeffrey Roth, being represented by competent counsel, received an adequate settlement for the injuries he received. We cannot construe these remarks as a direct or indirect reference to the amount of the settlement. Even if the jury believed from the remarks at issue that Jordan Marsh had adequately compensated the plaintiffs, they would not have had any indication as to the amount of the settlement. We are of the opinion that the defendant did not violate the terms of the stipulation.

Even if the plaintiffs' motion were treated as based on the alleged impropriety of the remarks of the defendant's attorney, irrespective of the effect of the stipulation, the plaintiffs would not be entitled to a new trial. The judge's course of action in the face of improper arguments to the jury rests largely in his discretion. *Commonwealth* v. *Witschi*, 301 Mass. 459, 462 (1938), citing *O'Neill* v. *Ross*, 250 Mass. 92, 96 (1924). See also *Shea* v. *D. & N. Motor Transp. Co.* 316 Mass. 553, 555

(1944). It is difficult in the best of circumstances to assess the effect of statements made to a jury, and it is virtually impossible in the present case. The substitute bill of exceptions does not specify the language used by the defendant's counsel, nor does it include the judge's charge to the jury. See *Reid* v. *Hathaway Bakeries, Inc.* 333 Mass. 485, 487 (1956). Furthermore it does not appear that the plaintiff took exception to the comments in question (*O'Neill* v. *Ross, supra,* at 98; *Hess* v. *Boston Elevated Ry.* 304 Mass. 535, 540 [1939]), or that he requested curative instructions. See *Fialkow* v. *DeVoe Motors, Inc.* 359 Mass. 569, 572 (1971). The burden is on the excepting party to show that the judge's ruling was in error, and the plaintiff has not sustained his burden of proof. *Staples* v. *Collins,* 321 Mass. 449, 452 (1947).

Whether to set aside the verdicts as against the weight of the evidence was likewise within the discretion of the judge. *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 60 (1948). *Herwitz* v. *Massachusetts Bay Transp. Authy.* 353 Mass. 594, 600 (1968). In this instance there was expert testimony by one Gusrae that the escalator in question was of safe and proper design when installed by the defendant in 1939, and further evidence that the defendant had recommended to Jordan Marsh well in advance of the accident that safety switches, designed to stop an escalator automatically under conditions such as those presented by the accident in this case, be installed on its escalators.[2] In view of all the evidence, we conclude that the judge did not abuse his discretion in denying the plaintiffs' motion for a new trial.

*Exceptions overruled.*

---

[2] Jordan Marsh did not accept the recommendation.