SCOTT REESE[1] *vs.* McGINN BUS COMPANY, INC. August 22, 1978. This is an action of tort for personal injuries sustained by a five year old

---

child when struck by the defendant's bus. On appeal from a judgment entered upon a verdict for the plaintiff, the defendant bus company claims error in the denial of its motion for judgment notwithstanding the verdict, the judge's instructions to the jury, and the denial of the defendant's motion for a new trial. 1. With respect to the denial of the defendant's motion for judgment n.o.v., we apply the familiar standard of review. See *H. P. Hood & Sons* v. *Ford Motor Co.*, 370 Mass. 69, 71-72 (1976). There was evidence from which the jury could have found that as the bus reached the crest of a hill and proceeded down a slope on a well traveled way, the child was in plain view 250 feet distant standing on a dirt area beside the paved surface on the right hand side in the direction in which the bus was traveling. The child's back was to the road as he faced a group of children nearby. The bus driver was familiar with the neighborhood (he lived there) and with the playground located across the road from the position of the child and beyond the point of impact. As the bus approached him, the child turned to his left, darted across the road, was struck by the left front of the bus and was severely injured. The driver either failed to see the child or, assuming that he had seen the child, failed to take into account the propensity of young children for acting impulsively (*Leonard* v. *Fowle*, 255 Mass. 531, 532 [1926]; *DiIorio* v. *Tipaldi*, 4 Mass. App. Ct. 640, 643-645 [1976]) and thus failed to slow the bus by applying the brakes or to warn the child of the bus's approach by sounding the horn. See *Roberge* v. *Follette*, 261 Mass. 438, 441 (1927); *Rizzo* v. *Ahern*, 278 Mass. 5, 7 (1931). 2. There was no error in permitting the jury to consider a portion of G. L. c. 90, § 14, on the question of the bus driver's negligence. In the circumstances, the driver's obligation under that statute to slow his vehicle was one element to be considered in determining whether his conduct was negligent. Simpson & Alperin, Summary of Basic Law § 1897, at 307, 309 (2d ed. 1974). Nor was there error in the judge's refusal to give a requested instruction on the question of the child's contributory negligence where the instruction could be misunderstood by the jury to mean that the evidence required that they find that the child was contributorily negligent. *Carmody* v. *Boston Gas Light Co.*, 162 Mass. 539, 541 (1895). Nor do we perceive error in the judge's instructions with respect to the plaintiff's obligation "to mitigate damages" or the driver's duty to sound the horn in the circumstances. It sufficed that the judge's charge contained the substance of the defendant's requests in these matters. *Fialkow* v. *DeVoe Motors, Inc.* 359 Mass. 569, 575 (1971). His refusal to instruct on the weight to be given to the driver's admission that he had not seen the child was not error as the judge was not required to deal specifically with fragmentary portions of the evidence. *McDonough* v. *Vozella*, 247 Mass. 552, 559 (1924). In determining the plaintiff's loss of earning capacity, the jury could consider all relevant evidence (see *Cross* v. *Sharaffa*, 281 Mass. 329, 331-332 [1933]), including evidence of the Federal minimum wage of which the judge took judicial notice. 3. From the summary before us (the record does not include the whole of the defendant's argument, see *Goldstein* v. *Gontarz*, 364 Mass. 800, 815 [1974]) we do not conclude that there was an abuse of discretion

---

[1] By Francis Reese, his father and next friend, whose claim for consequential damages is not before us.

in the judge's refusal to grant a new trial on the basis of remarks of counsel for the plaintiff in closing argument. The judge's instructions were sufficient to correct any misimpression created by those remarks. See *Fialkow* v. *DeVoe Motors, Inc.*, *supra* at 571-572; *Roth* v. *Westinghouse Elec. Corp.*, 2 Mass. App. Ct. 120, 122-123 (1974). Finally, there was no error in rejecting the defendant's further assertions in support of its motion for a new trial that the jury had not been adequately instructed that any recovery for loss of future wages should be discounted to its present value, and that the damages awarded by the jury were excessive. The judge's instruction with respect to the commuted value of the jury's award was adequate, and, in view of the grave and permanent mental and physical damage sustained by this child, it cannot be said that the verdict was disproportionate to the injuries received. *doCanto* v. *Ametek, Inc.*, 367 Mass. 776, 787 (1975).

*Judgment affirmed.*

*Neal C. Tully* (*Thomas E. Cargill*, Jr., with him) for the plaintiff.
*Richard E. Bachman* (*Timothy H. Donohue* with him) for the defendant.