McGuane, J.
This matter is before the Appellate Division on a number of requested Rulings of Law as well as the denial of the trial judge of a Motion for New Trial and/or Amended Findings.
The Trial Court made detailed and complete subsidiary findings of fact and based on those findings made the following general findings:
1. The defendant knowingly made false representations of material facts to the plaintiffs as to the ability of the Ford LTD and the Dodge *205 Charger to haul their camper for the purpose of inducing them to purchase the vehicles.
2. The plaintiffs relied on the false representations to their damage.
3. The defendant made express warranties to the plaintiffs as to the ability of the cars to serve the purpose for which the plaintiff intended to use them, namely to haul the camper. Neither car ever fulfilled this function. The defendant breached these warranties.
4. In the sale of both cars, the defendant breached the implied warranty of merchantability in that both cars had such serious and continuing defects at the time of purchase as to be virtually inoperable.
5. In the sale of both cars, the defendant breached the implied warranty of fitness for a particular purpose in that neither was ever capable of hauling the plaintiffs’ camper. The defendant at all times knew that the plaintiffs needed a vehicle capable of hauling the camper and that they were relying on its skill and judgment to provide such a vehicle.
6. The'defendant was guilty of a series of deceptive acts and practices including:
a) Sale of a vehicle with an altered gas filler pipe in violation of federal law.
b) Sale of a vehicle with an inaccurate odometer certificate in violation of law.
c) Breach of the implied warranty of merchantability in violation of the Regulations of the Attorney General.
d) Sale of a vehicle without a window notice of the purchaser’s right to rescind the sale and secure a refund of the purchase price in the event that the vehicle could not pass state inspection within the statutory time limit.
e) Deceit in the sale of the vehicles.
7. The defendant’s actions throughout were done in bad faith with knowledge or good reason to know that they violated G.L.c. 93A. The facts warrant an award of treble damages and counsel fees.
8. The plaintiff sustained actual damages of $6976.32, less the present value of the Charger of $2000 or $4976.32.
9. The fair and reasonable value of the legal services of counsel for the plaintiff is $1000.00.
The defendant’s requests for rulings are treated as follows:
Numbers 1 through 4 are allowed.
Numbers 5 through 8 are denied.
The plaintiffs’ request for rulings are treated as waived. Judgment is to enter for the plaintiffs.
Count I: Damages of $5000, which are trebled to $15,000, Attorney’s fees of $1000, for a total of $16,000.
Count II, III, IV and V: Damages of $5000 for the plaintiffs on each count.
The Plaintiffs’ recovery is limited to $ 16,000 plus interest and costs.
Taking up the defendant’s claims on appeal, we first address the issue of the denial of his motion for new trial and for amending the finding of the Trial Court.
Nowhere does the record show or does the defendant claim that the trial judge abused his discretion.
*206 An abuse of discretion consists of judicial action which no conscientious judge, acting intelligently and honestly could have taken. Davis v. Boston Elevated Ry. Co., 235 Mass. 482.
An appeal from the denial of a motion for a new trial raises only an issue as to a possible abuse of discretion by the Trial Justice. Fialkow v. DeVoe Motors, Inc., 359 Mass. 576; Koller v. Duggan, 346 Mass. 270.
We find no abuse of discretion and the trialjudge acted correctly in denying the motion for new trial.
The defendant also raises review of several requests for rulings of law so called.
(1) The findings and judgment of the Court are contrary to the evidence.
(2) The findings and judgment of the Court are contrary to the law.
(3) The evidence considered in its most favorable light on behalf of the plaintiffs is insufficient to support the findings and judgment rendered for the plaintiffs against the defendant.
All of the above requests are general requests and bring nothing before the Appellate Court. There is little difference between the above requests and requests based on “all the evidence”
Defendant’s request number 4:
‘The court erred in allowing plaintiffs to admit copies of alleged repair bills over defense counsel’s timely objections that said evidence was hearsay, immaterial and incompetent”.
Mass. Rules of Civil Procedure, Rule 64(a), requires an objection to rulings on the admission or exclusion of evidence to be reduced to writing and filed with the Clerk within 5 days after the hearing. The written request shall clearly identify the question, answer, and the ruling which is subject of the objection. While this procedure is awkward and cumbersome it is the only way that a reviewing court can hope to be able to understand the issue. Without compliance with this rule, the Appellate Division is unable to réview any objections to the admission or exclusion of evidence at trial.
Having examined all of the defendant’s arguments in this matter and finding no prejudicial errors, the Report is Dismissed.