Elroy L. **ELLINGSON,** Respondent,

v.

**BURLINGTON NORTHERN
RAILROAD COMPANY,**
Appellant.

No. C0–86–2215.

Court of Appeals of Minnesota.

Sept. 22, 1987.

Review Denied Nov. 13, 1987.

Thomas A. Clure, Van Evera, Clure & Butler, Duluth, Randolph E. Schum, Blunt & Schum, Edwardsville, Ill., for respondent.

David E. Fitzgerald, Margie R. Bodas, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, Duluth, for appellant.

Heard, considered and decided by RANDALL, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

RANDALL, Judge.

Respondent Elroy Ellingson sued appellant Burlington Northern Railroad Company (BN), his employer, under The Federal Employers' Liability Act. After trial, the jury returned a special verdict awarding respondent damages of $215,000, which the court reduced to $161,250 after applying the comparative negligence percentages found by the jury. BN moved for judgment notwithstanding the verdict (JNOV) or a new trial. The motions were denied. BN appeals the judgment and the order denying its post trial motions. We affirm.

### FACTS

Respondent, a fifty-six year old railroad worker, injured his back, while working for BN, when he tried to jiggle a transmission into place in the engine of a crane. He sued BN.

At trial, respondent's counsel made several statements during closing argument to which appellant now objects. Appellant raised his objections to the trial court in the hallway during a recess after closing arguments and prior to the court's giving the jury instructions. The discussion that went on during this time is not reflected on the record. However, pursuant to Minn.R.Civ. App.P. 110.03, appellant proposed a statement of proceeding, including appellant's version of this unrecorded conversation between the trial judge and both attorneys. Respondent objected to the proposed statement, but the trial court approved appellant's statement of proceeding, and thus we accept it for purposes of this review.

After the discussion that took place in the hallway, the trial court instructed the jury. Jury instructions were on the record. The court did not give the curative instructions appellant requested, but instead gave the standard jury instructions relative to asking the jurors to rely on their own memories if their memories differed from statements made by the attorneys in closing argument. The court instructed the jurors not to permit prejudice, sympathy, or emotion to influence their verdict. After the jury retired, the trial court heard the parties' exceptions to the instructions, but refused to reinstruct the jury.

The jury returned a special verdict, allocating 75% of the negligence in respondent's accident to BN, and 25% to respondent, and finding respondent suffered damages in the amount of $215,000. Appellant moved for a new trial or JNOV. The trial court denied the motions.

### ISSUES

1. Did the trial court err by denying appellant's motions for JNOV or for a new trial on the basis of statements made by respondent's attorney during closing argument?

2. Did the trial court err by refusing to give appellant's proposed curative instructions?

### ANALYSIS

#### I.

*Refusal to grant new trial*

Whether there should be a new trial for misconduct of counsel is a matter that rests almost entirely in the discretion of the trial court. *Patton v. Minneapolis*

*Street Railway Co.,* 247 Minn. 368, 376, 77 N.W.2d 433, 438–9 (1956).

The trial court's decision may be reversed only upon a showing of clear abuse of discretion or if conduct was so prejudicial that it would be unjust to allow the result to stand.

*Jack Frost, Inc. v. Engineered Building Components Co., Inc.,* 304 N.W.2d 346, 352 (Minn.1981). *See also Wild v. Rarig,* 302 Minn. 419, 433, 234 N.W.2d 775, 785 (1975).

Appellant contends respondent's counsel improperly raised at closing argument facts that were not in evidence. *See Hall v. Stokely-Van Camp, Inc.,* 259 Minn. 101, 104, 106 N.W.2d 8, 10 (1960) (counsel should not introduce into argument to the jury statements and conclusions unsupported by evidence).

Appellant claims the unsupported statements were inadmissible or contrary to the evidence, and were, in part, calculated to elicit sympathy for respondent. These "irregularities in the proceeding and misconduct of plaintiff's counsel," appellant claims, deprived him of a fair trial. *See* Minn.R.Civ.P. 59.01(1) and (2).

■ Appellant claims respondent improperly raised in his final argument the fact that BN had paid respondent's medical bills. The trial court's post trial memorandum stated that respondent's comments on medical bills had no "evidentiary support in the record." We agree. No evidence was introduced at trial to show BN paid any medical bills. Appellant did not object to the statement during argument, but objected off the record after closing arguments and before jury instructions were given, and requested specific curative instructions. The requested curative instructions were not given. The matter was again discussed, on the record, after the jury received instructions.

The disputed information was improperly brought into the trial by respondent. Minn.R.Evid. 409 states:

Evidence of furnishing or offering or promising to pay medical, hospital, or similar expenses occasioned by an injury is not admissible to prove liability for the injury.

In denying appellant's post trial motions, the trial court felt that it had cured respondent's improper closing argument by instructing the jury they should not concern themselves with the reasons or background for any payment made by the railroad. The transcript of the jury instructions reveals no such instruction.[1] However, the

1. At oral argument, respondent's counsel represented to this court that the jury instructions were not recorded. They were. We criticize counsel for attempting to mislead the court on this issue. Also, respondent's counsel attempted to downplay the trial court's recognition, in its post trial memorandum, of the impropriety of part of respondent's closing argument. The only portion of the trial court's memorandum that respondent's counsel quoted at oral argument was the part in which the trial court used the term "was an accurate statement." To properly understand the trial court's view of respondent's closing argument, we set out in its entirety those relevant portions of the trial court's memorandum relating to the issue of respondent's closing statement:

The most troublesome part of the motion relates to the comments in closing argument by plaintiff's counsel to the effect that the plaintiff was receiving payment for his medical expenses by the railroad and that he was using his own life savings to support himself while awaiting a trial date.

Neither of these comments had any evidentiary support in the record.

The comment about the fact that the railroad was paying a medical expense, aside from the fact that it had no evidentiary support, was an accurate statement. The way it was phrased was that the plaintiff was not seeking past medical expenses in the case and that the reason for this was that the railroad had been paying his medical expenses, but that this was not in any way to be taken as an indication that the railroad was responsible. While it would have been better that the remark not been made at all, the comment did not then, nor does it now, appear to be so prejudicial as to deprive the railroad of a fair trial. The Court also in its instructions commented on the situation and instructed the jury that they should not concern themselves with the reasons or background for any payment made by the railroad and that this was in no way to be construed as evidence of responsibility.

The other challenged portion of the final argument, referring to the use by the plaintiff of his savings, had no evidentiary support. While this remark would better have been left out, the Court is not able to agree that it was

trial court did instruct the jury to disregard counsels' statements of fact if they differed from the jury's recollection of what occurred at trial. The portion of respondent's closing argument relevent to BN's payment of bills is as follows:

He's also entitled to recover the damages for any future medical treatment. In this particular case you may wonder why aren't there any medical bills as far as what he's incurred so far, but these bills incurred, those were paid by the railroad, and that of course is one thing I want to be fair about. The mere fact that they paid the medical bills doesn't mean that they are in any way responsible. It's just an obligation on their part independent of this litigation. That's why we don't have any medical bills to present up to date.

In chambers, after the jury instructions were given, the trial court stated that although respondent should not have made the comment about BN's payment of medical expenses, the comment was not so prejudicial as to deprive BN of a fair trial. Denying appellant's post trial motions, the court noted:

While it would have been better that the remark not been made at all, the comment did not then, nor does it now, appear to be so prejudicial as to deprive the railroad of a fair trial.

Appellant also claims respondent's counsel improperly argued at closing that respondent was exhausting the savings he needed for retirement. Although there was no evidence at trial that respondent was exhausting his savings, appellant made no objection to this argument. The trial court did not give the curative instruction appellant later requested. In denying appellant's post trial motion, the trial court found the remark about respondent's savings also should not have been made, but refused to find it deprived BN of a fair trial:

so prejudicial as to deprive the railroad of its right to a fair trial.
Having in mind then all of the circumstances and the claims made in the motions, the Court does believe that both parties had a fair

While this remark would better have been left out, the Court is not able to agree that it was so prejudicial as to deprive the railroad of its right to a fair trial.

Respondent contends appellant is not entitled to a new trial because it failed to show harm or prejudice arising from the alleged errors. The primary consideration, when determining whether to grant a new trial for improper remarks of counsel, is whether any prejudice resulting from improper remarks is sufficient to affect the outcome of the trial. *Boland v. Morrill*, 270 Minn. 86, 99, 132 N.W.2d 711, 720 (1965); *see also Briggs v. Chicago, Great Western Railway Co.*, 238 Minn. 472, 495, 57 N.W.2d 572, 584 (1953) (counsel's reference, in closing argument, to medical books was improper and prejudicial, requiring reversal of trial court's denial of a new trial). Generally, the trial court is in a better position than an appellate court to make this determination. *Boland*, 270 Minn. 86, 132 N.W.2d 711.

New trial for misconduct of counsel is never granted as a disciplinary measure, but only to prevent a miscarriage of justice. *Nelson v. Twin City Motor Bus Co.*, 239 Minn. 276, 282, 58 N.W.2d 561, 565 (1953). Even if counsel makes improper remarks in closing, the error may be harmless if the remarks are addressed only to damages, and the verdict is not excessive. *Anunti v. Payette*, 268 N.W.2d 52, 55 (Minn.1978). *See also Nelson*, 239 Minn. at 282, 58 N.W.2d at 565 (in view of admitted liability and appellate court's conclusion that verdict was not excessive, contention that verdict was motivated by passion and prejudice was moot, and trial court properly denied new trial motion).

The question is, therefore, whether appellant showed its case was prejudiced, and the result was a miscarriage of justice. *See Eklund v. Lund*, 301 Minn. 359, 362, 222 N.W.2d 348, 350 (1974) (Misconduct of counsel does not warrant new trial unless

trial, that the jury was appropriately instructed, and that no prejudice to the railroad has been demonstrated. Accordingly, the Court has denied the post-trial motions.

misconduct clearly resulted in prejudice to losing party). The trial court held the improper argument was not so prejudicial as to deprive BN of a fair trial. We accept the trial court's overall finding that, despite the improper closing argument, a new trial was not warranted.

> The trial court is in a much better position than the appellate court to determine whether substantial prejudice resulted from the misconduct.

*Reese v. Ross & Ross Auctioneers, Inc.,* 276 Minn. 67, 71, 149 N.W.2d 16, 19 (1967).

The jury awarded respondent $161,250. Respondent was a fifty-six year old railroad worker who was earning $12.30 an hour. He testified he had planned to work until he was sixty-five, in order to obtain the pension benefits he expected to get upon completion of thirty years with the company. There was evidence respondent now has lower back pain, and his lifting and bending ability is very limited. Respondent's counsel asked the jury for a minimum of $300,000. We cannot say the trial court abused its discretion by finding BN was not denied a fair trial.

Appellant contends counsel improperly asked the jury to place itself in respondent's position. This appeal was allegedly specifically directed to three retired jurors.

> I think at least three of you have gone through this yourself as far as how you plan for yourself in retirement.

An argument to the jury is improper if it suggests that the jury put itself in the place of the plaintiff. *Colgan v. Raymond,* 275 Minn. 219, 146 N.W.2d 530 (1966) ("golden rule" argument, that jurors might place themselves in the position of the plaintiff and award such damages as they would wish if they were in same position, is disapproved of and, in some cases, reversible error).

> [N]ew objections cannot be made on appeal unless they are made at trial or are preserved in post-trial motions.

*Tagtow v. Carlton Bloomington Dinner Theater,* 379 N.W.2d 557, 561 (Minn.Ct. App.1985) (citing *Dix v. Harris Machinery Co.,* 240 Minn. 218, 228, 60 N.W.2d 628, 634 (1953)). This court need not consider issues raised on appeal that were not raised in the trial court. *See, e.g., Eakman v. Brutger,* 285 N.W.2d 95, 97 (Minn.1979).

Appellant contends the exhaustion of savings remark, made by respondent's counsel, was so intertwined with the comments to the three retired jurors, that the objection to one raised the issue of the other. However, the supreme court has held that

> [h]aving failed to object properly at trial, plaintiffs may not enlarge their objection for the first time either upon a motion for a new trial, * * * or upon appeal * *.

*Poppler v. O'Connor,* 306 Minn. 539, 541, 235 N.W.2d 617, 619 n. 1 (1975) (citations omitted). Here, appellant tries to enlarge its objection to argue facts not in evidence, and to include an objection to allegedly improper "golden rule" argument. We will not address the issue because it was not timely raised.

## II.

*Failure to give curative instructions*

■ Appellant also complains the trial court erred when it did not give curative instructions. The determination of whether remarks made in final argument require a cautionary instruction or other corrective action is a matter left to the discretion of the trial court. *Stroncek v. Berkshire Life Insurance Co.,* 292 Minn. 57, 65, 193 N.W.2d 286, 291 (1971).

Appellant contends the trial court erred as a matter of law by failing to grant the request for curative instructions. The only record of appellant's request for curative instructions is the statement of proceedings indicating what the judge and counsel discussed before the jury was instructed, and the transcript of discussion after the jury retired. The transcript indicates appellant did request curative instructions on two issues: (1) the medical payments made by BN; and (2) the remark that respondent was living off his savings, which appellant claimed was untrue.

Trial lawyers have the right and obligation to object to [misconduct of prevailing party's counsel] and to suggest to

the court the measures to be taken to offset any prejudicial effect. Trial judges have the clear duty to take whatever action may be necessary to meet the situation and to counteract any attempted appeal to prejudice by clear, specific, and unequivocal admonition.

*Reese,* 276 Minn. at 71, 149 N.W.2d at 19.

Cautionary instructions may negate possible prejudice arising out of alleged misconduct of counsel. *Eklund,* 301 Minn. at 362, 222 N.W.2d at 350. However, the determination whether counsel's remarks made in final argument require a cautionary instruction is in the trial court's discretion. *Stroncek,* 292 Minn. at 65, 193 N.W.2d at 291. We hold the trial court here did not abuse its discretion.

### DECISION

The trial court did not err by denying appellant's motion for JNOV or for a new trial. The trial court did not abuse its discretion by not giving appellant's proposed jury instructions.

Affirmed.