Molly Elizabeth **POSTON,** Appellant,

v.

John Carl **COLESTOCK,** Respondent.

No. C9–95–1152.

Court of Appeals of Minnesota.

Dec. 5, 1995.

Review Denied Jan. 25, 1996.

Neil P. Convery, Mendota Heights, for appellant.

Thomas J. Koch, Bloomington, for respondent.

Considered and decided by LANSING, P.J., and PARKER and NORTON, JJ.

## OPINION

LANSING, Judge.

A personal injury plaintiff challenges the curative instruction given in response to her attorney's comments in closing arguments. Because the district court acted within its discretion, we affirm.

## FACTS

John Colestock hit Molly Poston's car in February 1992. Poston saw a chiropractor for neck and back pains and headaches the day after the accident, and in August 1992 he determined Poston had regained her pre-accident condition. In September 1992 Poston first complained of jaw difficulties to her dentist, and later consulted several dental specialists.

Because Colestock admitted liability for the accident, the trial focused on whether the car accident caused permanent temporomandibular joint injury (TMJ). In his closing argument, Poston's attorney stated: "Chiropractors don't manipulate jaws. They have no business manipulating jaws." Colestock objected, and Poston's attorney admitted there was no testimony supporting those assertions. The district court sustained the objection and, at Colestock's request, later read a curative instruction to the jury.

The jury found that Poston did not suffer permanent TMJ injury as a result of the accident. The district court denied Poston's motion for a new trial because the curative instruction was prejudicial, and Poston appeals.

## ISSUE

Did the district court's curative instruction, which inserted evidence to balance counsel's unsupported statements in closing argument, require a new trial?

## ANALYSIS

The decision to grant a new trial rests within the district court's discretion, and will not be overturned absent an abuse of discretion. *Halla Nursery, Inc. v. Baumann–Furrie & Co.,* 454 N.W.2d 905, 910 (Minn.1990). A trial court's response to improper remarks in closing argument "is governed by no fixed rules but rests almost wholly in [its] discretion * * *." *Connolly v. Nicollet Hotel,* 258 Minn. 405, 407, 104 N.W.2d 721, 724 (1960). The district court has discretion in determining whether a curative instruction is appropriate to correct erroneous statements in closing argument. *E.g., Bisbee v. Ruppert,* 306 Minn. 39, 47, 235 N.W.2d 364, 370 (1975).

The district court allowed both attorneys to propose curative instructions. The court then created its own instruction:

During final argument, plaintiff's attorney made the statement [Poston's chiropractor] does not treat for TMJ and chiropractors do not treat TMJ. There was no evidence during the trial to support that statement. It appears to the Court that chiropractors either treat TMJ or symptoms associated with TMJ.

Although the district court could have crafted a more neutral instruction that did not insert or comment on evidence, we conclude that the court acted within its discretion and that its instruction does not require a new trial.

A trial court has the duty to supervise a trial. *Bartl v. City of New Ulm,* 245

Minn. 148, 153, 72 N.W.2d 303, 307 (1955). Although no Minnesota cases discuss the propriety of the wording of a particular curative instruction, a trial court has "broad discretion" to fashion appropriate curative instructions. *Harlow v. Chin*, 405 Mass. 697, 545 N.E.2d 602, 608 (1989); *Fialkow v. DeVoe Motors, Inc.*, 359 Mass. 569, 270 N.E.2d 798, 801 (1971). Issuance of a curative instruction is discretionary and should be upheld unless the misconduct constitutes a " 'miscarriage of justice * * *.' " *Mueller v. Sigmond*, 486 N.W.2d 841, 844 (Minn.App.1992) (citation omitted), *review denied* (Minn. Aug. 27, 1992). Appellate courts rarely disturb a district court's response to improper remarks in closing arguments. *See, e.g., Hake v. Soo Line Ry.*, 258 N.W.2d 576, 582 (Minn.1977) (holding new trial unnecessary despite court's failure to give curative instruction when improper arguments warranted one); *Stanger v. Gordon*, 309 Minn. 215, 222, 244 N.W.2d 628, 632 (1976) (holding that attorney's uncorrected reference to Watergate scandal in a fraud action, although erroneous, did not require a new trial).

■ The court designed the instruction to cure improper statements in Poston's closing argument. Poston's attorney admitted his statements about chiropractors were unsupported by the testimony at trial. An attorney may not introduce statements or conclusions unsupported by the evidence in closing argument. *Hall v. Stokely–Van Camp, Inc.*, 259 Minn. 101, 104, 106 N.W.2d 8, 10 (1960). The court drafted its instruction in response to Poston's misstatements.

The district court concluded that the attorney's closing statements about the scope of chiropractic diagnosis were erroneous, based on the medical history questionnaire of Poston's chiropractor and a copy of the American Chiropractic Association's *Basic Chiropractic Procedural Manual* (4th ed. 1984). The questionnaire, which was admitted in evidence, asked about difficulty in chewing, dental problems, and sore gums and mouth. The chiropractor's standard questionnaire inquiring about mouth and jaw problems indicates that chiropractors generally and this chiropractor in particular, work with the mouth and jaw. The manual contained a section on chiropractic treatment of TMJ. It is true the court neither admitted the manual in evidence nor took judicial notice of it. *See* Minn.R.Evid. 201(b) (defining judicial notice). Nonetheless, the accuracy of the professional reference manual cannot reasonably be questioned, and it further supports the district court's instruction.

Because the district court's instruction responded to Poston's improper comments and was based on a professional reference manual and a chiropractic questionnaire in evidence, the instruction rests within the district court's discretion.

### DECISION

We affirm the denial of the motion for a new trial because the district court acted within its discretion when it created a curative instruction.

**Affirmed.**